Kenny MEKIANA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–268.

Court of Appeals of Alaska.

Oct. 11, 1985.

Grant Callow and Susan Orlansky, Asst. Public Defenders, Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

This appeal presents the question of whether notice and an opportunity for a hearing are required before a sentencing court can refuse to set aside the conviction of a defendant who has successfully completed probation following a suspended imposition of sentence. We conclude that the defendant is entitled to prior notice and an opportunity for a hearing on the set-aside issue.

On January 19, 1978, Kenny Mekiana was convicted of assault with a dangerous weapon, in violation of former AS 11.15.-220. Superior Court Judge Jay Hodges suspended the imposition of Mekiana's sentence and, in accordance with AS 12.55.-085(a),[1] placed Mekiana on probation for a

---

1. AS 12.55.085 provides, in relevant part:

   *Suspending Imposition of Sentence.* (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions

period of three years. Mekiana subsequently violated the conditions of his probation on three occasions. Despite these violations, Mekiana's suspended imposition of sentence was allowed to remain in effect. However, his probation was extended to July 16, 1982, and he was required to serve thirty days in jail as an added condition of his suspended imposition of sentence.

Mekiana completed his probation on July 16, 1982, without further incident. On August 19, 1982, Judge Hodges signed an order discharging Mekiana from probation and closing his case. The order was on a preprinted form and was comprised of two separate parts. The first part stated:

> The court previously entered a judgment of conviction in this case and placed the defendant on probation, suspending imposition of sentence. The period of probation has expired without the court imposing sentence and defendant is entitled to be discharged under the provisions of AS 12.55.085(d).

> IT IS ORDERED that the case is closed and the defendant is discharged by the court without imposition of sentence.

The second part of the order appeared below the first and was preceded by a small box, which was to be checked if the second part was applicable. The second part provided:

> IT IS FURTHER ORDERED: that the judgment of conviction is hereby set aside, and that a certified copy of this Order shall serve as defendant's certifi-

cate pursuant to the provisions of AS 12.55.085(e).

In Mekiana's case, the box preceding the second part of the order was left blank, apparently indicating that Mekiana's conviction had not been set aside. It is unclear from the order whether Judge Hodges intended to deny Mekiana a set-aside or whether he simply elected not to consider the issue, leaving it open for a later time. In any event, it is undisputed that, prior to the entry of the order, Mekiana was never notified of the court's intent to deny a set-aside, and no opportunity for a hearing on the issue was given.[2] No grounds for the court's refusal to set aside the conviction were stated in the court's order, nor have any been subsequently specified.

Approximately nine months after being discharged from probation, Mekiana was arrested and charged with assault in the third degree, in violation of AS 11.41.-220(a)(1). The offense is a class C felony, punishable by a maximum sentence of five years' imprisonment. A presumptive term of two years is prescribed for offenders with one prior felony conviction. A jury found Mekiana guilty of the new assault. Prior to sentencing, the state filed notice that it intended to rely on Mekiana's 1978 assault as a prior felony conviction for the purpose of invoking presumptive sentencing. Mekiana opposed the state's reliance on the 1978 assault, arguing that the sentencing court's unexplained failure to order his prior conviction to be set aside was arbitrary and deprived him of equal protection and due process of law.[3]

which the court determines, and shall place the person upon probation, under the charge and supervision of the probation officer of the court during the suspension.

   \*    \*    \*    \*    \*

(d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence. It may at any time, when the ends of justice will be served, and when the good conduct and reform of the person held on probation warrants it, terminate the period of probation and discharge the person held. If the court has not revoked the order of probation and pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

(e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue the person a certificate to that effect.

2. After the court's order discharging Mekiana was issued, a copy was apparently mailed by the court to his address of record.

3. Mekiana also argued that his prior felony conviction could not be relied upon for presumptive sentencing purposes because sentence was never imposed in that case. Judge Jeffery rejected this argument below and we affirm his ruling on appeal. In *Shaw v. State*, 673 P.2d 781, 786 (Alaska App.1983), we held that the determination to suspend the imposition of a

Superior Court Judge Michael I. Jeffery acknowledged that Mekiana had raised a significant constitutional issue but ruled that, by failing to file a timely appeal from Judge Hodges' August 19, 1982, order, Mekiana had in effect waived his right to challenge his prior assault conviction collaterally.

On December 5, 1983, Judge Jeffery, relying on the 1978 assault as a prior felony, sentenced Mekiana to serve a presumptive term of two years and three months, with three months suspended.[4] Mekiana appealed, challenging Judge Jeffery's reliance on the 1978 conviction as a basis for presumptive sentencing.

■ The threshold question we face in this appeal is whether Mekiana waived or forfeited his right to challenge the sentencing court's reliance on his 1978 conviction. We conclude that he did not.

The superior court's August 19, 1982, order discharging Mekiana's probation was entered without prior notice to him. Nothing on the face of the order advised Mekiana that he could appeal it or that he could seek any other form of redress. The order did not state any basis for denying a set-aside. Nor indeed did it even purport to constitute a final adjudication of the set-aside question; the box next to the set-aside language was simply left unchecked.

■ A constitutional waiver is an "intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). *See also Lemon v. State,* 654 P.2d 277, 279 (Alaska App.1982). Under the circumstances of the present case, it is manifest that no waiver has been established.

■ A forfeiture, as opposed to a waiver, need not be knowing and occurs when a person fails, despite a reasonable opportunity, to assert a right or to claim a privilege. *See Lemon v. State,* 654 P.2d at 279. *See also Andrew v. State,* 694 P.2d 168, 173–74 (Alaska App.1985) (Singleton, J., concurring), *petition for hearing granted,* (May 6, 1985).

In this case, however, the same circumstances that preclude the finding of a knowing waiver also rule out the possibility of a forfeiture, because they establish that Mekiana was not afforded a reasonable opportunity to appeal Judge Hodges' August 19, 1982, order. We hold that Mekiana neither waived nor forfeited his right to challenge the continuing validity of his 1978 assault conviction.

We proceed, then, to Mekiana's substantive claim: that Judge Jeffery improperly relied on the 1978 assault as a prior conviction for presumptive sentencing purposes. In *Larson v. State,* 688 P.2d 592 (Alaska App.1984), we held that a suspended imposition of sentence may no longer serve as a basis for imposing presumptive sentencing once an order setting aside the conviction has been entered. Thus, the primary question to be resolved is whether the superior court erred in declining to set aside Mekiana's 1978 conviction when it discharged him from probation.

Alaska Statutes 12.55.085(d) and (e) govern discharge from probation and the setting aside of a conviction following completion of a suspended imposition of sentence:

> (d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence. It may at any time, when the ends of justice will be served, and when

---

sentence (SIS) is as much a disposition as one in which sentence is actually imposed. We stated that, at least in regards to situations where the defendant's record has not been subsequently "expunged," a defendant who has been convicted of a felony and has received a suspended imposition of sentence has been convicted for purposes of presumptive sentencing. *Compare with Larson v. State,* 688 P.2d 592 (Alaska App. 1984) (a conviction which is "set aside" pursu-

ant to AS 12.55.085(e) may not be used to trigger presumptive sentencing).

**4.** Imposition of three months of suspended jail time in addition to the statutory two-year presumptive term appears to have been error here, because there is no indication that the sentencing court found any aggravating factors. *See State v. La Porte,* 672 P.2d 466, 467–68 (Alaska App.1983). Mekiana does not raise the issue.

the good conduct and reform of the person held on probation warrants it, terminate the period of probation and discharge the person held. If the court has not revoked the order of probation and pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

(e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

These provisions plainly require discharge once probation has successfully been completed. By contrast, they contemplate that the issue of set-aside will be one for the court's discretion. If set-aside is to be ordered, however, the order must be entered "upon discharge." It is thus clear that the issues of discharge and set-aside must be addressed contemporaneously.

While the statutory language allows for broad discretion in deciding whether a conviction should be set aside, we do not think it permits arbitrary or unfair action. AS 12.55.085 authorizes the sentencing court to set aside a conviction when a deserving offender successfully completes probation and is discharged. In so doing, the provision acts as a substantial incentive for probationers to perform well and accords significance to a defendant's interest in being relieved of the civil disabilities attendant upon having a criminal record.[5]

█ Although Mekiana's interest in securing a set-aside may not have been as significant as a parolee's or a probationer's interest in remaining at liberty, this interest was far from insignificant. To assure that this interest was not arbitrarily disregarded or unfairly denied, Mekiana was, at the very least, entitled to the minimal procedural safeguards of prior notice and an opportunity for a hearing. " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.' " *Wickersham v. Commercial Fisheries Entry Commission*, 680 P.2d 1135, 1144 (Alaska 1984), *quoting Mullane v. Central Hanover Bank and Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). In the absence of such minimal safeguards, we do not believe that Judge Hodges' refusal to order Mekiana's conviction to be set aside can be sustained. *Cf. Rich v. State*, 640 P.2d 159, 162–63 (Alaska App. 1982); *Trumbley v. State*, 515 P.2d 707, 709 (Alaska 1973); *Snyder v. State*, 496 P.2d 62, 63 (Alaska 1972). *See also Wolff v. McDonnell*, 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951 (1974).[6]

Moreover, because the decision to set aside a conviction under AS 12.55.085(e) is committed to the sound discretion of the sentencing court, it is apparent that the statute contemplates—and calls for—an act of judicial discretion. *Cf. Cano v. Anchorage*, 627 P.2d 660 (Alaska App.1981). By enacting the set-aside language of AS 12.55.085(e), the legislature clearly intended to provide probationers who received a suspended imposition of sentence with the prospect of a clean slate and the promise of a new beginning upon successful completion of probation. A sentencing court cannot thwart this legislative goal—or, for

---

5. *See generally Symposium—The Collateral Consequences of Criminal Convictions*, 23 Vand.L. Rev. 929, 1212 (1970) (suggesting defendant's interest may be "fundamental" where statutory schemes may provide relief from disabilities of a conviction).

6. It makes no sense whatsoever to provide statutory means for redefinition of status and then surround their utilization with such procedural obstacles that they are not invoked. Really, the problem is twofold: the reformed offender must be made aware of the remedy (else its incentive value is lost), and he must be able to invoke it with a minimum of difficulty.

Gough, *The Expungement of Adjudication Records of Juvenile and Adult Offenders: A Problem of Status*, 1966 Wash.U.L.Q. 147, 184–85 (comparing New York Penal Code provisions providing for automatic expungement upon fulfillment of prescribed conditions of a SIS and Model Penal Code provisions providing for the set aside of convictions only upon petition by defendant after a five-year waiting period).

that matter, hinder appellate review—by denying such relief without explanation. In Mekiana's case, for example, it is impossible to determine with any degree of certainty or confidence whether the superior court's denial of a set-aside resulted from an exercise of discretion, an arbitrary act, or a mere negligent omission to check the box next to the set-aside language of the preprinted order.

 We need not decide here what factors may properly be considered by a sentencing court in determining whether a conviction should be set aside. A wide array of circumstances and situations may arise in which reasonable judges could conclude that a set-aside should be denied. We believe it prudent to consider these circumstances and situations as they arise, on a case by case basis. It is sufficient in this case to hold that, before a sentencing court may refuse to set aside a conviction under AS 12.55.085(e), the defendant must be given notice that there is reason to believe a set-aside should not be granted; a precise statement of the reason or reasons must be provided. In addition, the defendant must be afforded an opportunity for a hearing on the set-aside issue.[7]

In this case, it was error for Judge Hodges to deny Mekiana a set-aside without prior notice and an opportunity for a hearing. The denial of a set-aside must therefore be deemed ineffectual. It follows that Judge Jeffery erred in relying on the 1978 assault conviction for presumptive sentencing purposes.

---

**7.** As we have indicated, AS 12.55.085(d) and (e) clearly contemplate that the issue of set-aside must be considered contemporaneously with the granting of a discharge. Thus, in order to be timely, any effort to give a defendant notice that a set-aside will be contested must be initiated prior to the entry of an order of discharge. We believe fairness requires us to treat as the equivalent of a set-aside any order that discharges probation but purports to withhold or deny a set-aside without notice or an opportunity for a hearing.

We are not called upon in this case to address procedural questions that may arise as a result

The sentence is VACATED, and this case is REMANDED for imposition of a non-presumptive sentence.

of our decision. We recognize that procedural differences will inevitably occur among courts in various locations in the handling of set-asides. The requirement of procedural fairness that we adopt today is sufficiently broad to accommodate a wide range of specific procedures. Ultimately, however, we think that the interest of judicial economy might best be served if the supreme court's Advisory Committee on Rules of Criminal Procedure gave serious consideration to formulating comprehensive procedural rules governing the issuance of set-aside orders.