STATE of Alaska, Petitioner,

v.

Kenny MEKIANA and Glenn R. Rice, Respondents.

No. S–1228.

Supreme Court of Alaska.

Sept. 26, 1986.

David Mannheimer, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent Mekiana.

Marcia E. Holland, Asst. Public Defender, Fairbanks, Dana Fabe, Public Defender, Anchorage, for respondent Rice.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

Alaska Statute 12.55.085(e)[1] authorizes a sentencing court to set aside the conviction of a defendant who completes probation following a suspended imposition of sentence. This case presents the narrow question of what remedy is appropriate when a defendant is not afforded notice and an opportunity to be heard on the set-aside issue. The court of appeals held that where a defendant is discharged from probation and denied a set-aside without prior notice and a hearing, the defendant's conviction must be deemed set aside. *Mekiana v. State*, 707 P.2d 918 (Alaska App. 1985). We reverse the requirement for an automatic set-aside. We conclude that the correct remedy for denying a defendant the opportunity to be heard is to afford such an opportunity.

## I. FACTS AND PROCEDURAL BACKGROUND

This consolidated case involves defendants in two separate criminal actions. Kenny Mekiana was convicted of assault with a dangerous weapon in 1978. The trial court suspended the imposition of sentence and placed Mekiana on probation. When Mekiana completed probation, Superior Court Judge Jay Hodges signed a form order discharging him. The form included a box to be checked if the judge intended to set aside the defendant's conviction as well as discharge him from probation. This box was not checked. Mekiana was not notified of the court's intent to deny a set-aside and was not given an opportunity for a hearing.

A year later Mekiana was convicted of assault in the third degree. The State filed notice pursuant to AS 12.55.125 of intent to rely on Mekiana's 1978 conviction as a prior felony for purposes of invoking presumptive sentencing. Mekiana objected, arguing that Judge Hodges' unexplained failure to set aside the 1978 conviction deprived him of equal protection and due process of law. Mekiana asserted that since the conviction should have been set aside, it could not be used to trigger presumptive sentencing.[2] Superior Court Judge Michael Jeffery rejected Mekiana's argument and imposed a presumptive sentence.

The facts in Glenn Rice's case are similar. Rice was convicted of rape and received a suspended imposition of sentence in 1974. It is undisputed that he completed probation without incident and that sentence was never imposed. Due apparently to oversight, the court did not issue a discharge order at the end of Rice's probation, nor did the court consider whether his conviction should be set aside. The State concedes, however, that by the terms of AS 12.55.085(d)[3] Rice was discharged from probation as a matter of law.

In 1983 Rice was convicted of sexual assault in the first degree. Prior to sentencing he moved to set aside his 1974 rape conviction. Superior Court Judge Gerald Van Hoomissen denied the set-aside motion without explanation or hearing, and relied on the prior conviction for presumptive sentencing purposes.

Both defendants appealed. The court of appeals decided *Mekiana* first, holding that: 1) AS 12.55.085(e) gives a trial court discretion to set aside a conviction; 2) the set-aside decision is to be made contemporaneously with the defendant's discharge from probation; and 3) a defendant is entitled to prior notice "that there is reason to believe a set-aside should not be granted" and a precise statement of the reasons, plus an opportunity for a hearing. 707

---

**1.** AS 12.55.085(e) provides:
   (e) Upon the discharge [from probation] by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

**2.** A conviction that has been set aside cannot serve as the basis for imposing a presumptive sentence. *Larson v. State*, 688 P.2d 592, 597 (Alaska App.1984).

**3.** AS 12.55.085(d) provides in part:
   (d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence.... If the court has not revoked the order of probation and pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

P.2d at 921–22. These holdings are not contested. The court also ruled:

> [I]n order to be timely, any effort to give a defendant notice that a set-aside will be contested must be initiated prior to the entry of an order of discharge. We believe fairness requires us to treat as the equivalent of a set-aside any order that discharges probation but purports to withhold or deny a set-aside without notice or an opportunity for a hearing.

*Id.* at 922 n. 7. Since Mekiana had not received notice or a hearing, the court deemed his 1978 conviction set aside. *Id.* at 922. The court vacated the sentence for Mekiana's 1983 conviction and remanded for imposition of a nonpresumptive sentence.

In Rice's case, the court of appeals held that *Mekiana* controlled. The court reversed the trial court's denial of Rice's motion to set aside his 1974 conviction, vacated the presumptive sentence for Rice's 1983 conviction, and remanded for resentencing as a first offender.

We granted the State's petition for hearing in both cases.

## II. DISCUSSION

Alaska Statute 12.55.085(d) and (e) govern the discharge of a defendant from probation and the setting aside of a conviction following completion of a suspended imposition of sentence:

> (d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence. It may at any time, when the ends of justice will be served, and when the good conduct and reform of the person held on probation warrants it, terminate the period of probation and discharge the person held. If the court has not revoked the order of probation and

pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

> (e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

The court of appeals correctly interpreted these provisions as giving the trial court discretion to set aside a defendant's conviction. The State does not contest this ruling or the court's holding that a probationer has a due process right to notice and a hearing on the set-aside issue. The State seeks reversal of only the remedy ordered by the court—the requirement for an automatic set-aside where no notice or hearing opportunity was afforded a defendant prior to discharge. *See Mekiana,* 707 P.2d at 922 n. 7. The State contends the appropriate remedy is to remand for the required hearing.

Mekiana urges us to affirm the court of appeals' remedy. Mekiana's principle argument is that a belated set-aside hearing would violate due process, Alaska Const. art. I, § 7, because it would be an inadequate substitute for a timely hearing.[4] However, case law suggests that such a remedy is appropriate in this situation and, in fact, is the usual remedy in cases where the right to notice and a hearing has been violated.

For example, in *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656, 662 (1973), the Supreme Court held that due process was violated when a defendant's probation was revoked without a hearing. However, the Court did not order probation automatically restored, but instead remanded for a state court hearing on whether revocation was proper. *Id.* at 791, 93 S.Ct. at 1764, 36 L.Ed.2d at

---

4. Mekiana also challenges the constitutionality of the set-aside statute, AS 12.55.085(e), on vagueness grounds. He argues that it vests the trial court with unlimited discretion to grant or deny a set-aside and does not provide standards to guide the court's discretion or give defendants notice regarding the type of conduct necessary to assure a set-aside. The court of appeals

did not decide the vagueness question, *see Mekiana,* 707 P.2d at 922, and the issue is not properly before us. However, Mekiana may raise this argument when his case is remanded for a set-aside hearing. We likewise decline to address Mekiana's double jeopardy argument, which also was not decided by the court of appeals.

667.[5] Similarly, in *Rich v. State*, 640 P.2d 159 (Alaska App.1982), the trial court failed to independently examine whether good cause existed for a probation revocation. The court of appeals held that this constituted a violation of due process and remanded for a new hearing.[6] *Id.* at 163.

In *Tuten v. United States*, the Supreme Court in dicta sanctioned a belated, nunc pro tunc procedure to determine whether a conviction should have been set aside under a federal statute similar to Alaska's. 460 U.S. 660, 668, 103 S.Ct. 1412, 1417, 75 L.Ed.2d 359, 366 (1983). Section 5021(b) of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1982), formerly gave trial courts discretion to discharge a youth offender from probation "prior to the expiration of the maximum period of probation theretofore fixed by the court."[7] Such a discharge acted to automatically set aside the youth's conviction. *Id.*

In *Tuten*, a youth convicted of a weapons offense was unconditionally discharged at the *end* of his probation term. When he was convicted of a second offense nine years later the sentencing court ordered an enhanced penalty based on the prior conviction. 460 U.S. at 662, 103 S.Ct. at 1413–14, 75 L.Ed.2d at 362. The issue on appeal was whether the automatic set-aside provision applied only to youths discharged *before* the end of their probation. The Court interpreted the statute to mean that a conviction is not set aside unless the trial court

discharges a defendant before expiration of the maximum period of probation. *Id.* at 667, 103 S.Ct. at 1416–17, 75 L.Ed.2d at 366. The Court then stated:

> Moreover, the remedial purposes of the Act are not frustrated by the possibility that a court may inadvertently fail to grant an early unconditional discharge. A youth offender who believes that the sentencing court's failure to grant an early unconditional discharge from probation was an oversight may, following the completion of his probationary period, move that court to exercise its discretion to grant him an early unconditional discharge nunc pro tunc and to set aside his conviction.

*Id.* at 667–68, 103 S.Ct. at 1417, 75 L.Ed.2d at 366 (footnote omitted). Thus, the Court essentially sanctioned the remedy the State urges here: remand for a hearing to determine whether Mekiana's conviction should have been set aside.

Mekiana contends that a defendant who is convicted of a new crime following discharge from probation will not receive a fair set-aside hearing because the judge will be influenced by knowledge of the defendant's recent criminal activity. As outlined below, however, there are ways to safeguard against any such unfairness resulting from the delay in affording a hearing.

---

**5.** *See also Black v. Romano*, 471 U.S. 606 –––, 105 S.Ct. 2254, 2257–59, 85 L.Ed.2d 636, 642–43 (1985) (reaffirming procedural due process requirements set forth in *Gagnon* for probation revocations).

**6.** In arguing that an automatic set-aside is an appropriate remedy for the due process violation that occurred here, Mekiana draws an analogy to a series of cases holding that convictions obtained in violation of the right to counsel may not be relied upon to aggravate a sentence for a subsequent offense. *See, e.g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). However, this line of cases is distinguishable. They involved the fundamental constitutional right of a criminal defendant to a fair trial and the assistance of counsel. The question whether a conviction which is invalid because it was obtained in violation of

the constitution may be considered at a sentencing hearing on a subsequent offense differs from the question presented here. Mekiana's prior conviction was properly obtained, and he had neither a constitutional nor a statutory right to have it set aside.

**7.** The Federal Youth Corrections Act was repealed by Pub.L. No. 98–473, Title II, § 218(a)(8), 98 Stat. 2027 (1984). Former § 5021(b) provided:

> (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

We therefore hold that a belated set-aside hearing will not offend due process as long as the trial court 1) considers only those facts existing at the time the probationer was discharged and 2) explains on the record its reasons for denying a set-aside. In other words, the court must decide the set-aside question based upon an evaluation of the defendant's conduct and situation as of the date of discharge from probation. We agree with the court of appeals that AS 12.55.085(d) and (e) "contemplate that the issue of set-aside must be considered contemporaneously with the granting of a discharge." *Mekiana*, 707 P.2d at 922 n. 7. Thus, it would be improper to consider any post-discharge criminal conduct when determining whether a set-aside should have been granted.

In holding that a retrospective set-aside hearing is an appropriate remedy in Mekiana's and Rice's cases, we note two factors influencing our decision. First, trial judges often are required to avoid consideration of certain prejudicial information, and we see no reason to assume that a judge cannot do so in the context of a set-aside decision.[8] A defendant, of course, retains the right to argue on appeal that a trial court's refusal to grant a set-aside was based on improper factors.

Second, the court of appeals essentially has interpreted the set-aside statute to require that the State show why a set-aside should be denied, which creates a presumption in favor of a set-aside. *See id.* at 922. We believe it appropriate to put this burden of proof on the State. Ordinarily, when a judge opts to order a suspended sentence the judge has evaluated the defendant's background and offense and decided the defendant deserves a chance to show that he or she has "reformed" and therefore should be rewarded with a clean record. One of the purposes of the set-aside statute is to provide defendants with an incentive to meet the conditions of their probation. Thus, we would expect that in most cases where a defendant successfully completes probation, his or her conviction would be set aside.

In view of this presumption in favor of a set-aside and the requirement that courts consider only the facts existing at the time of a defendant's discharge from probation, we conclude that a delayed hearing will afford an adequate remedy for a defendant who was not provided timely notice and a hearing on the set-aside issue.[9]

Both cases are REVERSED and REMANDED for appropriate set-aside hearings.[10]

8. Compare *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), which found a due process violation where a trial court judge submitted to the jury the question of the voluntariness of a defendant's confession. Rather than order reversal of the defendant's conviction, however, the Supreme Court remanded for the judge to determine whether the confession was voluntary. *Id.* at 394–95, 84 S.Ct. at 1790–91, 12 L.Ed.2d at 926. The defendant would be entitled to a new trial only if the judge determined that the confession was not voluntary. *Id.* The Court noted: "We cannot assume that ... [the state court judge] will not now afford Jackson a hearing that is consistent with the requirements of due process." *Id.* at 395, 84 S.Ct. at 1790, 12 L.Ed.2d at 926.

9. We note a final argument raised by Rice, but not applicable to Mekiana. Rice contends that because he was a model probationer—he was granted an early discharge from supervised probation at the recommendation of his probation officer—it is not necessary to remand for a set-aside hearing. Instead, Rice urges us to rule as a matter of law that the trial court erred when it denied his set-aside motion made at the time of his recent sentencing for a new offense. Rice contends that the only possible reason for the denial was his post-discharge conviction. We decline to order Rice's conviction set aside. It is appropriate for the trial court to redetermine this issue, based on a full record, in light of our instruction that it consider only the facts existing when Rice was discharged from probation.

10. Now that the State's affirmative duty has been made clear, we would expect the State to act promptly to bring the set-aside issue before the court contemporaneously with a defendant's discharge from probation. We do not mean to suggest that, in the future, an automatic set-aside would never be appropriate if the State did not act within a reasonable time. In the meantime, we have requested the Advisory Committee on Rules of Criminal Procedure to draft a proposed rule governing procedures for the issuance of set-aside orders.