Danny N. HANSEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3274.

Court of Appeals of Alaska.

Jan. 24, 1992.

---

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

COATS, Judge.

Danny N. Hansen was convicted of two felony offenses in 1982. He was sentenced to a suspended imposition of sentence. Hansen's probation expired on October 22, 1987, but the court never held a set-aside hearing to expunge the felony convictions from Hansen's record. In October 1988, one year after the court had released Hansen from probation, a grand jury indicted Hansen on one count of assault in the third degree and one count of misconduct involving weapons in the first degree. AS 11.41.-220(a)(1); AS 11.61.200(a)(1). The assault count is a class C felony and charges Hansen with placing another man in fear of imminent serious physical injury by means of a dangerous instrument, a .44 caliber revolver. The misconduct involving weapons count is a class C felony and charges Hansen with possessing a weapon capable of being concealed on his person, the .44 caliber revolver, after having been previously convicted of a felony.

Hansen was represented by a public defender. The public defender told Hansen that he had no defense to the misconduct involving weapons charge because his 1982 convictions had never been set aside. The state offered to drop one charge against Hansen if he agreed to plead to the other charge. According to Hansen's public defender, Hansen chose to plead to the assault charge, rather than to the weapons charge, because he believed that in doing so he would be more likely to one day regain his ability to possess a firearm. Hansen entered his plea to the assault charge on December 29, 1988.

On March 22, 1989, Hansen's public defender moved to withdraw the plea. The public defender contended that she had mistakenly advised Hansen that he did not have any defense to the misconduct involving weapons charge because Hansen's 1982 felony convictions had not been set aside. According to Hansen's affidavit, he would not have entered a plea to the assault charge except for the fact that he had believed there was no defense to the weapons charge.

Superior Court Judge Charles K. Cranston initially denied Hansen's motion to withdraw his plea, ruling that the motion did not have a sufficient factual showing. Hansen subsequently moved to have his 1982 convictions set aside under *State v. Mekiana*, 726 P.2d 189 (Alaska 1986). On May 3, 1989, the court set aside Hansen's 1982 convictions. On May 5, Hansen's public defender filed a new motion to withdraw Hansen's plea based on the fact that she had provided Hansen with incorrect legal advice on which he based his decision to plead. Judge Cranston concluded that the fact that Hansen's convictions had been set aside did not provide Hansen with a defense to the weapons charge. He concluded that in order for Hansen to have a defense to the weapons charge, Hansen had to have had the court set aside his underlying felonies prior to the date he possessed the concealable weapon. Judge Cranston therefore concluded that Hansen's public defender had accurately advised him that he had no defense to the weapons charge, and denied Hansen's motion to withdraw his plea. Superior Court Judge James A. Hanson denied Hansen's motion to reconsider.

Following sentencing, Hansen, now represented by new counsel, filed a motion for post-conviction relief under Alaska Criminal Rule 35.1. Hansen contended that the May 1989 set-aside hearing retroactively expunged his 1982 convictions as of the date of Hansen's completion of probation and that he therefore had a complete defense to the weapons charge. Hansen con-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

tended that he received ineffective assistance of counsel because if he had known that the set-aside was retroactive, he would not have pled to any charges. Judge Cranston denied this motion. Hansen appeals, arguing that Judge Cranston erred in refusing to allow him to withdraw his plea. We agree with Hansen and reverse his conviction.

■ Hansen moved to withdraw his plea prior to sentencing. Under Alaska Criminal Rule 11(h)(2):

> Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

If Hansen entered a plea based upon mistaken legal advice that he had no defense to the misconduct involving weapons charge, he has established a fair and just reason to withdraw his plea. Judge Cranston reached a similar conclusion, relying on our decision in *Shetters v. State,* 751 P.2d 31, 35 (Alaska App.1988). Judge Cranston based his refusal to allow Hansen to withdraw his plea upon his conclusion that Hansen did not have a defense to the misconduct involving weapons charge, and that therefore Hansen's attorney's advice was correct.

■ Alaska Statute 11.61.200, in pertinent part, reads:

> (a) A person commits the crime of misconduct involving weapons in the first degree if the person
>
> (1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory....
>
>     ....
>
> (b) It is an affirmative defense to a prosecution under (a)(1) ... of this section that
>
>     ....
>
> (2) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 [suspended im-

position of sentence statute] or as a result of post-conviction proceedings....

It is therefore a defense to the misconduct involving weapons charge that the defendant has had the prior felony conviction set aside under the suspended imposition of sentence statute. The state argues, and Judge Cranston found, that Hansen had to have had his convictions set aside before October 10, 1988, the date he was charged with possessing the .44 caliber handgun. The state cites federal authority holding that the burden is on the defendant to clear his status before purchasing a firearm. *See Lewis v. United States,* 445 U.S. 55, 64, 100 S.Ct. 915, 920, 63 L.Ed.2d 198 (1980) (interpreting federal felon in possession statute); *see also United States v. Cabrera,* 786 F.2d 1097, 1098 (11th Cir.1986) (convicted felon must clear status, if unclear, before buying firearms; later "expunction of the underlying conviction after the purchase of the firearm has no effect on a conviction [for a felon receiving a firearm transported in interstate commerce charge]").

The state also relies on our decision in *Clark v. State,* 739 P.2d 777 (Alaska App. 1987). In *Clark,* the felony conviction underlying a felon in possession of a concealable firearm charge was on appeal at the time the defendant illegally possessed the firearm. 739 P.2d at 778. This court subsequently reversed the underlying conviction and the state ultimately dismissed the underlying charge. Clark moved for post-conviction relief on the charge of felon in possession of a concealable firearm, arguing that his invalid conviction could not be the basis of such a charge. In rejecting Clark's claim, we relied in part on *Lewis v. United States.* We also relied on a policy argument:

> We see no reason why the legislature would want to encourage a person who has formerly been convicted of a felony to gamble by possessing a concealable firearm, hoping that if he or she is arrested for being a felon in possession that he or she can defend against that offense by having the former conviction set aside.

*Clark,* 739 P.2d at 781. In denying Hansen's claim, Judge Cranston found our decision in *Clark* to be controlling. However, we find *Clark* to be distinguishable. To explain our reasons will require us to discuss extensively AS 12.55.085, which governs the suspended imposition of sentence, and *State v. Mekiana,* 726 P.2d 189 (Alaska 1986), which deals with the setting aside of convictions under AS 12.55.085.

Alaska Statute 12.55.085 authorizes a sentencing judge to suspend imposition of sentence. That statute provides in pertinent part:

> (d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence. It may at any time, when the ends of justice will be served, and when the good conduct and reform of the person held on probation warrant it, terminate the period of probation and discharge the person held. If the court has not revoked the order of probation and pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

> (e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

In *State v. Mekiana,* the supreme court discussed the manner in which a trial judge would apply the suspended imposition of sentence statute:

> Ordinarily, when a judge opts to order a suspended [imposition of] sentence the judge has evaluated the defendant's background and offense and decided the defendant deserves a chance to show that he or she has "reformed" and therefore should be rewarded with a clean record. One of the purposes of the set-aside statute is to provide defendants with an incentive to meet the conditions of their probation. Thus, we would expect that in most cases where a defendant successfully completes probation, his or her conviction would be set aside.

726 P.2d at 193.

In *Mekiana v. State,* 707 P.2d 918 (Alaska App.1985), *rev'd in part,* 726 P.2d 189 (Alaska 1986), Mekiana had completed his probation on a suspended imposition of sentence on a felony charge. The trial court discharged Mekiana from probation, but did not check the box on the discharge form to set aside the defendant's conviction. The trial court took this action without giving the defendant notice or the opportunity for a hearing. Later, Mekiana was convicted of another felony, and the state wished to use Mekiana's prior conviction, for which he had received the suspended imposition of sentence, as a prior felony for purposes of presumptive sentencing. Mekiana argued that the former felony could not count for purposes of presumptive sentencing because he had never been given notice or an opportunity to be heard on the question of whether the conviction should be set aside. This court found that it was improper for the trial court to refuse to set aside the conviction for which Mekiana received the suspended imposition of sentence without giving Mekiana notice and an opportunity for a hearing. We concluded that, under AS 12.55.085, the court was required to address the issue of set-aside contemporaneously with the issue of discharge. *Mekiana,* 707 P.2d at 921. We therefore held that when a defendant is discharged from probation and denied a set-aside without prior notice and a hearing, the defendant's conviction must be deemed set aside. *Id.* at 922 n. 7.

The supreme court granted a petition for hearing. The supreme court agreed that the trial court's refusal to set aside Mekiana's conviction without giving him notice and an opportunity for a hearing was invalid. Further, the supreme court agreed that AS 12.55.085 "contemplate[s] that the issue of set-aside must be considered contemporaneously with the granting of a discharge." *Mekiana,* 726 P.2d at 193 (quoting *Mekiana,* 707 P.2d at 922 n. 7). The supreme court agreed with this court that AS 12.55.085 placed the burden on the state to show why a set-aside should be denied, and that there was a presumption in favor of set-aside. *Mekiana,* 726 P.2d at 193. However, the supreme court concluded that when the defendant had been denied notice and an opportunity to be heard on the set-

aside issue, the defendant's conviction should not automatically be set aside. As a remedy, the supreme court adopted a procedure for a belated set-aside hearing. At this hearing, the trial court could consider "only those facts existing at the time the probationer was discharged." *Id.*

Under the reasoning of this court's opinion in *Mekiana,* Hansen's prior conviction would have automatically been set aside because he completed his probation and was discharged from probation apparently without the court taking any action on the set-aside issue. In the supreme court's *Mekiana* decision, it appears that the supreme court contemplated that the belated set-aside of a conviction would relate back to the date of discharge. The supreme court agreed with this court that the issues of discharge and set-aside were to be considered by the trial court contemporaneously.

In its opinion, the supreme court pointed out that a defendant would not suffer disability from a belated set-aside hearing. The supreme court relied on *Tuten v. United States,* 460 U.S. 660, 668, 103 S.Ct. 1412, 1417, 75 L.Ed.2d 359 (1983), and noted that the United States Supreme Court "in dicta sanctioned a belated, nunc pro tunc procedure to determine whether a conviction should have been set aside under a federal statute similar to Alaska's." *Mekiana,* 726 P.2d at 192. A *nunc pro tunc* procedure is one in which the effective date of the decision is retroactive to an earlier date.[1] Thus, it appears that in *Mekiana,* the supreme court intended the trial court's decision at the belated set-aside hearing to relate back to the date the decision should have occurred: the date the defendant was discharged from probation. Although the supreme court's decision was made in the context of whether the former conviction could be used for purposes of presumptive

sentencing, rather than for purposes of whether a defendant could possess a concealable firearm under AS 11.61.200, it appears that the reasoning of the supreme court's decision in *Mekiana* would support Hansen's position.

We also believe that there are policy reasons which support finding in Hansen's favor. In his affidavit in support of his motion for post-conviction relief, Hansen claimed that he had discussed his suspended imposition of sentence with his probation officer and his attorney. He contends that he was told that if he completed his probation successfully, his conviction would be removed from his record. He claims that he was never told that he needed to have a set-aside hearing. Hansen claims that after he completed his probation he believed that the felony conviction had been expunged. The incident in which Hansen was charged with possessing the concealable firearm took place approximately a year after he completed his probation.

For purposes of this appeal, we do not decide whether Hansen's affidavit is true. The trial court never considered the issues raised in the affidavit; the trial court concluded that even if true, Hansen's affidavit would not support a defense. However, the affidavit does illustrate a scenario that could arise in a case such as Hansen's. As the supreme court pointed out, when a trial judge places a person on probation on a suspended imposition of sentence, the court ordinarily has decided that the defendant has an outstanding background, has excellent prospects for rehabilitation, and should be given the opportunity to be rewarded with a clean record if the defendant successfully completes probation. In imposing a suspended imposition of sentence, the court ordinarily emphasizes the risk which

---

**1.** *"Nunc pro tunc"* is "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.,* with the same effect as if regularly done." *Black's Law Dictionary* 1069 (6th ed. 1990). *See generally Fawcett v. Weaver,* 121 Fla. 245, 163 So. 561, 562 (1935) (citing cases for support) ("[W]henever delay in entering a judgment is caused by the action of the court, judgment

nunc pro tunc will be allowed as of the time when the party would otherwise have been entitled to it if justice requires it."); *State v. Nelson,* 160 Fla. 744, 36 So.2d 427, 429 (1948) (imposition of proper statutory habitual offender sentence enhancement should be applied *nunc pro tunc* to the date of original sentencing of the second felony).

the defendant faces: if the defendant fails on probation, the court is authorized to impose any sentence, up to the maximum provided by the statute. However, if the defendant successfully completes probation, there is a presumption that the conviction should be set aside. The conviction is to be set aside at the time the defendant is discharged from probation unless the state can meet its burden of showing good cause why the conviction should not be set aside. *Mekiana*, 726 P.2d at 193.

▮ In this case, the defendant was discharged from probation after successful completion. This is demonstrated by the fact that his conviction was set aside in a belated set-aside hearing. It appears to us that the state prosecutor's office and the court system were at least partially responsible for the fact that the set-aside hearing was not conducted in a timely manner as is contemplated by the statute.[2] There is a substantial possibility that someone in Hansen's position could have been misled into believing that the earlier felony conviction had been set aside. We therefore believe that, using Hansen's case as illustrative, when a defendant who completes probation on a suspended imposition of sentence has that conviction set aside in a belated set-aside hearing, the set-aside should ordinarily relate back to the date the defendant was discharged from probation.[3]

We find that Hansen's case is distinguishable from *Clark v. State*, 739 P.2d 777 (Alaska App.1987). In *Clark*, the defendant was convicted for being a felon in possession while the underlying felony was on appeal. This felony conviction was later reversed on appeal, and ultimately was dismissed by the state. We held that Clark could be convicted as a felon in possession of a concealable firearm under AS 11.61.-200 under these circumstances. We concluded that it was unreasonable for a defendant whose conviction was on appeal to

gamble that his conviction might ultimately be overturned. We concluded that the legislature did not intend that people who had been convicted of felonies and whose convictions were on appeal be able to possess concealable firearms, even if their convictions were ultimately reversed and dismissed.

It is reasonable to treat a conviction pending appeal as valid. There is ordinarily no set time period in which an appeal will be decided. When a defendant's conviction is on appeal, it appears to us unreasonable for that defendant to assume that the conviction is somehow invalid and that he is not a convicted felon for purposes of AS 11.61.200, which makes it unlawful for a person who has previously been convicted of a felony to possess a concealable firearm.

▮ In our view, a defendant who has completed probation on a suspended imposition of sentence stands on different ground. If that defendant successfully completes probation, that defendant is ordinarily entitled to have the conviction removed from his or her record on the date of discharge from probation. As we have tried to illustrate, we believe that there is a substantial possibility that a defendant could be confused about the mechanism for removing that conviction from one's record. When a defendant who is entitled to discharge is not discharged or does not receive a set-aside determination upon the completion of probation, the fault, at least in part, is that of the state prosecutor's office and the court system. The court system has not promptly responded to set aside the defendant's conviction as required by law. Under these circumstances, we are disinclined to penalize the defendant for an offense based upon a former conviction that exists only because it was not removed from the defendant's record in a timely fashion.

---

**2.** We note that Alaska Criminal Rule 35.2, regarding discharge from probation and set-aside of conviction following a suspended imposition of sentence, became effective January 15, 1989.

**3.** In deciding Hansen's case, we find it unnecessary to deal with the hypothetical situation in

which a defendant receives actual notice of a set-aside hearing to take place a short time following discharge from probation. Under such circumstances, it appears that it would be unreasonable for a defendant to possess a firearm, gambling that he would ultimately prevail in the set-aside hearing.

We accordingly hold that Hansen's attorney misinformed him when she told him that he did not have a defense to being a felon in possession of a concealable firearm under AS 11.61.200. Because Hansen was misinformed concerning the law when he entered his plea, he was entitled to withdraw his plea. We accordingly hold that Judge Cranston erred in refusing to let Hansen withdraw his plea.

The conviction is REVERSED, the case is REMANDED.

MANNHEIMER, J., not participating.