**Phillip WICKHAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2104/2365.**

Court of Appeals of Alaska.

Jan. 8, 1993.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

BRYNER, Chief Judge.

Following a jury trial, Phillip J. Wickham was convicted of one count of manslaughter and one count of third-degree assault. In this appeal, Wickham argues that the trial court erred in allowing him to be impeached by evidence of two prior convictions that should have been set aside due to Wickham's successful completion of probation after he had received a suspended imposition of sentence for the prior offenses. We reverse.

Wickham was charged with manslaughter and assault in 1986. Prior to trial on these charges, Wickham moved to set aside a 1982 judgment of conviction for two counts of perjury, for which he had received a suspended imposition of sentence pursuant to AS 12.55.085. Wickham alleged that he had complied with the requirements of his suspended imposition of sentence and was therefore entitled to have the 1982 convictions set aside. The superior court denied Wickham's set-aside motion without an evidentiary hearing, concluding, as a matter of law, that Wickham's probation on the perjury convictions had not yet expired. Subsequently, the court ruled that because the perjury convictions had not been set aside they could be used to impeach Wickham if he elected to testify at his trial.

After being convicted of the manslaughter and assault charges, Wickham appealed, challenging the superior court's denial of his motion to set aside the 1982 perjury convictions and contending that the court erred in ruling that those convictions could be used against him for impeachment purposes.

In *Wickham v. State,* 770 P.2d 757 (Alaska App.1989), *rev'd on other grounds,* 796 P.2d 1354 (Alaska 1990), this court found error in the superior court's ruling that Wickham's probation on the perjury convictions had not yet expired. We concluded that Wickham was entitled to a hearing to determine whether good cause existed to deny the set-aside of his 1982 convictions, and we remanded his case, directing the superior court to set aside the perjury convictions unless the state established good cause for denial of the set-aside motion. *Wickham,* 770 P.2d at 760.

We nevertheless stopped short of deciding whether use of the 1982 perjury convictions to impeach Wickham would necessarily amount to error, even if the superior court determined, on remand, that these convictions should have been set aside. Retaining jurisdiction over Wickham's appeal, we expressly reserved this issue for further consideration following the remand. *Id.* at 763–64.

▆ On remand, the superior court conducted a hearing, concluded that the state had failed to show good cause for denial of Wickham's set-aside motion, and entered an order setting aside the 1982 convictions. Wickham's case has now returned to us for resolution of the issue we previously reserved: was use of the 1982 convictions for impeachment purposes improper given that those convictions should have been set aside?

Alaska Statute 12.55.085 and Alaska Rule of Evidence 609 set the analytical framework within which we must resolve this issue. Under AS 12.55.085,[1] which

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. AS 12.55.085 provides, in pertinent part:
   *Suspending imposition of sentence.* (a) ... if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence that may be imposed,

and upon the terms and conditions that the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.
   . . . .
   (d) The court may at any time during the period of probation revoke or modify its order of suspension of imposition of sentence. It may at any time, when the ends of justice will be served, and when the good conduct

governs suspended impositions of sentence, the sentencing court has discretion to set aside a conviction whenever a person receives a suspended imposition of sentence and thereafter successfully completes probation. However, under A.R.E. 609,[2] which governs the use of prior convictions for purposes of impeachment, a prior conviction that has been set aside may still be used for impeachment purposes unless "[t]he procedure" that led to the set-aside "required a substantial showing of rehabilitation...." A.R.E. 609(d).

The precise issue in Wickham's case is thus whether the set-aside procedure established in AS 12.55.085—Alaska's suspended imposition of sentence statute—is one that "require[s] a substantial showing of rehabilitation," so as to trigger the provision in A.R.E. 609(d) that precludes prior convictions from being used for impeachment purposes after they are set aside.

Although we declined to resolve this issue in our original opinion in this case, we expressed considerable skepticism as to whether the broad discretionary grant of set-aside authority established in AS 12.55.-085 would qualify as a procedure requiring "a substantial showing of rehabilitation," as called for in A.R.E. 609(d). Specifically, we said:

> In their briefs on appeal, both Wickham and the state seem to assume that the trial court could not have allowed the perjury convictions to be used for purposes of impeachment if they had been set aside. The correctness of this assumption is debatable.

and reform of the person held on probation warrant it, terminate the period of probation and discharge the person held. If the court has not revoked the order of probation and pronounced sentence, the defendant shall, at the end of the term of probation, be discharged by the court.
(e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

**2.** Alaska Rule of Evidence 609 states, in pertinent part:

*Impeachment by Evidence of Conviction of Crime.*

Alaska Rule of Evidence 609(d) precludes evidence of a conviction for impeachment purposes if:

(1) The conviction has been the subject of a pardon, annu[l]ment, certificate of rehabilitation, or other equivalent procedure, and

(2) The procedure under which the same was granted or issued required a substantial showing of rehabilitation or was based on innocence.

This provision is very similar to Federal Rule of Evidence 609(c). Federal cases applying this rule to prior convictions under various state statutes seem to turn on whether the state's set-aside procedures require an affirmative finding that the defendant has been rehabilitated. *See, e.g., United States v. Pagan,* 721 F.2d 24, 29 (2d Cir.1983); *Wilson v. Attaway,* 757 F.2d 1227, 1244 (11th Cir.), *rehearing denied,* 764 F.2d 1411 (11th Cir. 1985); *United States v. Potts,* 528 F.2d 883, 885 (9th Cir.1975) (en banc).

Alaska's set-aside statute, AS 12.55.-085, does not expressly require a finding of rehabilitation. Under AS 12.55.085(d), a person who has been given a suspended imposition of sentence must be discharged without the imposition of a sentence when that person successfully completes the period of probation specified in the original sentencing order. Under AS 12.55.085(e), upon discharge, "the court may set aside the conviction and issue to the person a certificate to that effect."

While it is obvious that the statutory provisions governing suspended impositions of sentence and set-asides are gen-

(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is only admissible if the crime involved dishonesty or false statement.
....
(d) *Effect of Pardon, Annulment, or Certificate of Rehabilitation.* Evidence of a conviction is inadmissible under this rule if:
(1) The conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and
(2) The procedure under which the same was granted or issued required a substantial showing of rehabilitation or was based on innocence.

erally calculated to promote the rehabilitation of deserving offenders, it is uncertain whether a set-aside order issued pursuant to AS 12.55.085(e) should be construed to represent an affirmative finding of rehabilitation. Both this court and the Alaska Supreme Court have construed AS 12.55.085(d) and (e) to require set-asides to be granted unless the state can establish good cause for denial. *State v. Mekiana,* 726 P.2d 189, 193 (Alaska 1986); *Mekiana v. State,* 707 P.2d 918, 921 (Alaska App.1985). These decisions seem consistent with the view that no affirmative showing or finding of rehabilitation need be made before a set-aside is granted; rather, a set-aside should be granted as a matter of right unless some specific reason for denial is established.

Because this issue is a significant one, and because it has not been addressed on appeal by either party, we believe it prudent to request additional briefing before deciding whether, under A.R.E. 609(d), a conviction that has been set aside under AS 12.55.085 can be relied upon for purposes of impeachment.

*Wickham v. State,* 770 P.2d at 763–64.

Having now received and reviewed additional briefing from the parties on this issue, we are convinced that our initial skepticism was unfounded.

It is undisputed that the set-aside provisions of AS 12.55.085 do not expressly require "a substantial showing of rehabilitation" before a conviction may be set aside. As the state points out, and as Wickham acknowledges, this court has interpreted Alaska's suspended imposition of sentence statute to require set-aside upon successful completion of probation, unless the state can demonstrate good cause for denial. *Mekiana v. State,* 707 P.2d 918, 922 (Alaska App.1985), *rev'd on other grounds,* 726 P.2d 189 (Alaska 1986).

At first blush, the seemingly automatic set-aside procedure embodied in our suspended imposition of sentence statute may appear to be plainly inconsistent with the type of "procedure requiring a substantial showing of rehabilitation" that is necessary to bar use for impeachment under A.R.E. 609(d). Closer scrutiny, however, reveals the inconsistency to be apparent, not real.

Our decisions and those of the Alaska Supreme Court have consistently construed Alaska's suspended imposition of sentence statute—and the set-aside provision incorporated therein—to be integrally linked to an offender's rehabilitation. Recently, we observed:

> A suspended imposition of sentence is a unique disposition: by providing for the eventual set-aside of a conviction, a suspended imposition of sentence offers the offender an incentive for reform and an opportunity to start anew with a clean slate. By its very nature ... a suspended imposition of sentence is primarily meant to be a one-time opportunity for particularly deserving first-offenders.

*State v. Huletz,* 838 P.2d 1257, 1259 (Alaska App.1992). *See also State v. Mekiana,* 726 P.2d at 193; *Hansen v. State,* 824 P.2d 1384, 1388–89 (Alaska App.1992).

Given the unmistakable nexus between the suspended imposition of sentence statute and the goal of allowing deserving first-offenders an opportunity at rehabilitation, it seems virtually inconceivable that a set-aside would ever be justified in the face of substantial evidence establishing that an offender had not actually been reformed. The suspended imposition of sentence statute does not purport to allow convictions to be set aside on grounds unrelated to rehabilitation, and we have never interpreted it to do so.

It seems clear in context that, by presumptively entitling all successful probationers to set-asides without further, affirmative proof of rehabilitation, Alaska's suspended imposition of sentencing statute does not abandon the requirement of showing rehabilitation as a prerequisite to a set-aside; rather, the statute merely shifts the burden of proof on the issue. In practical effect, the statute deems successful completion of probation to be the equivalent of a *prima facie* showing of rehabilitation. This implicit showing of rehabilitation imposes on the state the duty of rebuttal, that is, the burden of presenting the court with

evidence showing "good cause" to deny set-aside, despite the offender's apparent rehabilitation.

In *Mekiana v. State,* we described Alaska's suspended imposition of sentence statute as performing this type of burden shifting function:

> AS 12.55.085 authorizes the sentencing court to set aside a conviction when a deserving offender successfully completes probation and is discharged. In so doing, the provision acts as a substantial incentive for probationers to perform well and accords significance to a defendant's interest in being relieved of the civil disabilities attendant upon having a criminal record.

*Mekiana v. State,* 707 P.2d at 921 (footnote omitted).

In reviewing this court's opinion in *Mekiana,* the Alaska Supreme Court expressly agreed with this aspect of our decision:

> [T]he court of appeals essentially has interpreted the set-aside statute to require that the State show why a set-aside should be denied, which creates a presumption in favor of a set-aside. We believe it appropriate to put this burden of proof on the State.

*State v. Mekiana,* 726 P.2d at 193 (citation omitted).

In explaining its conclusion, the supreme court expressed with unmistakable clarity its view that, absent affirmative evidence to the contrary, successful completion of probation amounts to a showing of rehabilitation:

> Ordinarily, when a judge opts to order a suspended sentence the judge has evaluated the defendant's background and of-

fense and decided *the defendant deserves a chance to show that he or she has 'reformed' and therefore should be rewarded with a clean record.* One of the purposes of the set-aside statute is to provide defendants with an incentive to meet the conditions of their probation. Thus, we would expect that in most cases where a defendant successfully completes probation, his or her conviction would be set aside.

*Id.* (emphasis added).

In short, the set-aside provisions of AS 12.55.085 are intended for particularly deserving first-offenders—offenders whose prospects for reform are particularly promising. The statute permits a set-aside to be granted only to those offenders who fulfill their potential by successfully completing probation, thereby making a *prima facie* "showing" of actual rehabilitation. By affording the state the opportunity to rebut this *prima facie* showing of. rehabilitation with evidence establishing good cause to deny a set-aside, and by entrusting the ultimate decision on set-aside to the sound discretion of the sentencing court, the statute provides for something more than an automatic restoration of the *status quo ante:* it assures that set-aside orders will reflect a substantial showing of rehabilitation.

For these reasons, we conclude that the set-aside provisions of AS 12.55.085 "require a substantial showing of rehabilitation," within the meaning of A.R.E. 609(d)(2). Accordingly, we hold that a conviction may not be relied on for impeachment purposes after it has been set aside under this statute.[3]

---

**3.** The various federal cases we cited in our original opinion do not compel a contrary conclusion. Those cases interpret Federal Rule of Evidence 609(c), which differs somewhat from its counterpart, Alaska Rule of Evidence 609(d). Federal Rule of Evidence 609(c) reads:

> (c) *Effect of pardon, annulment, or certificate of rehabilitation.* Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a

subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

This rule differs from A.R.E. 609(d) in that it focuses not on whether a set-aside order was granted under a procedure that required a substantial showing of rehabilitation, but rather on whether the order was in fact based on a finding of rehabilitation, regardless of the underlying procedure involved. Most cases construing the federal rule thus inquire into the actual basis for set-aside, and preclude impeachment

The state nevertheless argues that the trial court's ruling that Wickham's 1982 perjury convictions could be used for impeachment purposes did not amount to error, because the convictions had not yet been set aside when Wickham was tried. In support of this argument, the state cites *Clark v. State,* 739 P.2d 777 (Alaska App. 1987). Clark was charged with being a felon in possession of a concealable firearm. His underlying felony conviction was on appeal at the time of the alleged offense and was later reversed. Clark argued that the subsequent reversal of the underlying conviction should have barred his conviction for being a felon in possession. We affirmed Clark's conviction, concluding that Clark was a convicted felon at the time of the alleged crime, and that it was unreasonable for him to gamble on the possibility

of a reversal on appeal by carrying a concealable firearm. *Id.* at 781.

As the state acknowledges, we have more recently distinguished the situation in *Clark* from one involving a suspended imposition of sentence. Specifically, in *Hansen v. State,* 824 P.2d 1384 (Alaska App. 1992), we held that a defendant with a prior felony conviction could not be convicted of being a felon in possession of a concealable firearm if he was entitled to a set-aside of the prior conviction at the time he possessed the firearm. We found that "a defendant who has completed probation on a suspended imposition of sentence stands on different ground" than one whose conviction is on appeal:

> When a defendant who is entitled to discharge is not discharged or does not receive a set-aside determination upon the

when it can be shown that a set-aside order was based on a finding of rehabilitation. *See, e.g., United States v. Wood,* 943 F.2d 1048, 1054–56 (9th Cir.1991); *United States v. Ferguson,* 776 F.2d 217, 222 & n. 5 (8th Cir.1985); *Brown v. Frey,* 889 F.2d 159, 171 (8th Cir.1989); *United States v. Thorne,* 547 F.2d 56, 59 (8th Cir.1976); *Wilson v. Attaway,* 757 F.2d 1227, 1244 (11th Cir.1985); *Smith v. Tidewater Marine Towing, Inc.,* 927 F.2d 838, 840–41 (5th Cir.1991). *See also United States v. Pagan,* 721 F.2d 24, 29 (2d Cir.1983).

The state maintains that the wording of A.R.E. 609(d) is more restrictive than that of Federal Rule of Evidence 609(c), and that this difference indicates an intent on the part of the drafters of A.R.E. 609(d) to apply the rule more narrowly than its federal counterpart. We have found no support for such a conclusion.

The differing emphasis in the federal rule—on a "finding" rather than a "showing" of rehabilitation—seems to favor exclusion of previously set-aside convictions in some instances where admission might be allowed under the Alaska rule, while allowing admission in some instances where exclusion would be required in Alaska. *Compare, e.g., United States v. Ferguson,* 776 F.2d at 222 & n. 5 (precluding impeachment when court concluded that prior expungement order was actually based on rehabilitation, even though the statute under which the order was entered did not require a showing of rehabilitation), *with United States v. Wood,* 943 F.2d at 1054–56 (allowing rehabilitation when a set-aside statute similar to Alaska's was closely tied to the goal of rehabilitation but did not require an actual finding of rehabilitation).

Our attempts to gain insight into the differences between A.R.E. 609(d) and Federal Rule of Evidence 609(c) have yielded little useful information. Alaska Rule of Evidence 609(d) is

identical to former Alaska Criminal Rule 26(f)(3), which was adopted by the Alaska Supreme Court in 1973. *See Lowell v. State,* 574 P.2d 1281, 1282–83 (Alaska 1978). Criminal Rule 26(f)(3), in turn, appears to have been taken verbatim from Rule 609(c) of the Proposed Rules of Evidence for the United States Courts and Magistrates (Revised Draft, March 1971). *See* 51 F.R.D. 315, 391–95 (1971). The March 1971 revised draft of Proposed Federal Rule of Evidence 609(c) underwent changes by the United States Supreme Court in July of 1973, *see* 56 F.R.D. 183, 270–71 (1973), and was passed on to Congress, where further revisions were incorporated before Congress enacted Federal Rule of Evidence 609(c) in its final form. *See generally* 1 Stephen A. Saltzburg & Michael M. Martin, *Federal Rules of Evidence Manual,* 2–5 (5th ed. 1990).

Nothing in the legislative history of Federal Rule of Evidence 609(c) provides insight into the reasons for the shift from the 1971 proposed language, which, like Alaska's A.R.E. 609(d), spoke of a procedure that "required a substantial showing of rehabilitation," to the current language of Federal Rule of Evidence 609(c), which speaks of "a finding of ... rehabilitation." *See* 1 Saltzburg & Martin, *supra,* at 640, 671–680. Similarly, we have found no legislative history indicating the Alaska Supreme Court's reasons for adopting the language of the 1971 proposed federal rule. It would appear that the supreme court simply elected to follow what was then the most current formulation of the proposed federal rule. In any event, since the current version of Federal Rule of Evidence 609(c) was not in existence when A.R.E. 609(d) was promulgated, there is no support for the state's contention that the Alaska rule was meant to be more narrowly applied than the federal rule.

completion of probation, the fault, at least in part, is that of the state prosecutor's office and the court system. The court system has not promptly responded to set aside the defendant's conviction as required by law. Under these circumstances, we are disinclined to penalize the defendant for an offense based upon a former conviction that exists only because it was not removed from the defendant's record in a timely fashion.

*Id.* at 1389.

In our view, *Hansen*, not *Clark*, squarely governs the present case.[4] Particularly in the circumstances of the present case, where Wickham sought, and was errone-ously denied, an order setting aside his 1982 convictions prior to his trial, we find no basis for denying *nunc pro tunc* effect to the set-aside of the prior convictions.

Accordingly, we conclude that Wickham's convictions must be REVERSED.[5]

MANNHEIMER, J., not participating.

---

**4.** The state seems to suggest that we reconsider *Hansen* because, in the state's view, it goes against decisions in other jurisdictions. We find nothing in the state's brief to warrant reconsideration of *Hansen.*

**5.** Our reversal of Wickham's convictions makes it unnecessary to consider his sentencing argument.