**UNITED STATES of America**

v.

**J. C. BUSH.**

**No. C.R. 17235.**

United States District Court,
E. D. Pennsylvania.

Oct. 11, 1977.

Joseph E. Coleman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Petitioner, J. C. Bush, has filed a "Petition to Expunge Criminal Record," in which he seeks to have the Alcohol and Tax Division of the Treasury Department, the FBI, and other agencies of the U.S. Government remove from their files fingerprints, photographs, photographic plates and computer records concerning an arrest on August 14, 1963 for an alleged violation of 26 U.S.C. § 5179, and deliver the same to him, or, in the alternative, to provide assurances that these materials have been destroyed. Petitioner alleges that he has suffered embarrassment and otherwise has been irreparably harmed as a result of the continuing maintenance of these materials in the files of the agencies.

The 1976 amendment to 28 U.S.C. § 1331 provides for jurisdiction of the federal courts, irrespective of the amount in controversy, in actions "against the United States, any agency thereof or any officer or employee thereof in his official capacity."[1]

It is not necessary for us to decide whether any right of Petitioner has been violated. The statutory language quoted, *supra,* from 28 U.S.C. § 1331 does not negate Petitioner's obligation to comply with F.R.Civ.P. 8(a) which requires that a "pleading . . . shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." The petition does not contain any allegations or assertion that even remotely suggests an infringement of a constitutional or other federally created right. Federal jurisdiction must be pleaded according to the nature of the case. *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3rd Cir. 1976)

1. In *Sullivan v. Murphy,* 156 U.S.App.D.C. 28, 50, 478 F.2d 938, 960 (1973), the Court of Appeals affirmed the assumption of jurisdiction by the District Court in an expunction action under 28 U.S.C. § 1331 in which a constitutional or other federally created right had allegedly been violated; in that case, the then $10,000.00 jurisdictional amount required had been averred.

See also 2A Moore's Federal Practice, para. 8.06[6].

Accordingly, the petition will be dismissed for failure to set forth the requisite jurisdictional grounds. Leave, however, is granted to file an amended petition within thirty (30) days of the date of the order accompanying this memorandum.

While petitioner talks of expunging a record, the distinction between *expungement,* (official action which notes the conviction itself has been eliminated from a defendant's record), see e. g. *United States v. Fryer,* 545 F.2d 11, 13 (6th Cir. 1976) and *expunction,* (actual destruction of the records themselves), see e. g. *United States v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977), should be noted.