William J. JOURNEY, Petitioner,

v.

STATE of Alaska, Respondent.

No. S–5672.

Supreme Court of Alaska.

May 12, 1995.

William J. Journey, pro se, and Paul Canarsky, Asst. Public Defender, Fairbanks, and John Salemi, Public Defender, Anchorage, for petitioner.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for respondent.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

RABINOWITZ, Justice.

After successfully completing the terms of his probation, William Journey (Journey) moved to have his conviction for disorderly conduct set aside and his criminal record expunged pursuant to AS 12.55.085(e). The district court denied his expunction request, stating that it lacked the authority to do so. Journey appealed and the court of appeals held that the district court did not err in denying Journey's request to expunge his criminal record. We affirm.

## I. FACTS AND PROCEEDINGS

The court of appeals set out the facts of this case as follows:

William Journey was convicted of disorderly conduct after pleading no contest to the charge; he received a suspended imposition of sentence [SIS] and was placed on probation. After successfully completing his probation, Journey moved to have his conviction set aside in accordance with the provisions of AS 12.55.085(e).

At the evidentiary hearing on his motion, Journey requested [the district court] ... to expunge all records relating to his arrest and conviction. Journey asserted that he had originally understood that his record would be expunged upon completion

of the suspended imposition of sentence; Journey testified that he had been hampered in attempting to secure employment because of his arrest record. [The district court] ... set aside Journey's conviction but declined to order his record expunged. The judge concluded that the suspended imposition of sentence statute did not expressly authorize the court to order Journey's record expunged and that the court had no inherent authority to issue such an order.

*Journey v. State*, 850 P.2d 663, 664 (Alaska App.1993) (footnote omitted).

More precisely, Journey argued before the district court that potential employers had access to his criminal record:

Well, the way I understood the process was I wasn't going to have a record, and that I wasn't going to be hindered.... I have been looking for work for quite awhile ... [and] this hinders me in [obtaining the kind of work I am looking for,] ... police work, investigative work for the State, eligibility technician, [and] child support enforcement investigator.

. . . .

Fifty-seven different times, I thought I did not have a conviction because of the set aside. So, on the State [job] applications, 57 different times I said I had no convictions. I couldn't figure out why I wasn't getting a job. I'd go for an interview, but, you know, nothing would result out of it. So, I did a re-assessment. And then I found out. I says, hey, I'm in the computer. And they have access to the computer.

Though his assertion that he was denied employment on account of his criminal record is suspect,[1] the district court sympathized with Journey's frustration:

---

1. We note that "access to specified classes of criminal justice information in criminal justice information systems is available only to individual law enforcement agencies according to the specific needs of the agency." AS 12.62.030(a). An exception to this rule exists for "qualified persons for research related to law enforcement," but is subject to procedures to protect the privacy of individuals about whom such information is released. AS 12.62.030(b). An "interested person" may obtain "records of all felony

convictions, convictions involving contributing to the delinquency of a minor, and convictions involving any sex crimes," of any applicant for a job where the applicant "would have supervisory or disciplinary power over a minor or dependent adult," but the applicant must receive a copy of the information provided. AS 12.62.035.

Journey was convicted only of disorderly conduct, an offense that fits in none of the categories covered under AS 12.62.035. *See* AS 11.61.110.

I've got a lot of sympathy for your position, Mr. Journey, especially in light of the fact that judges around here routinely said [sic], when a guy gets an SIS, behave yourself, stay out of trouble. If you do that, the conviction will be set aside, and after that you can honestly say you don't have a conviction in this case.

. . . .

. . . I know a lot of defendants are hearing that. And, for that reason, I [have] a lot of sympathy for your situation.

On appeal, the court of appeals affirmed the district court's order denying expunction of Journey's criminal record.[2] The court of appeals noted "that no Alaska statute, rule, or judicial decision expressly vests sentencing courts with the power to expunge criminal records...."[3] After discussing whether an Alaska court has the inherent judicial authority to order records expunged, the court of appeals stated:

In our view, however, this case requires no definitive resolution of the inherent authority issue. Even assuming that Alaska courts have inherent power to order criminal records expunged, we believe that this power could not properly be exercised in Journey's ... case.

. . . .

In short, whatever inherent authority to expunge criminal records Alaska courts might possess by virtue of their expressly granted powers to preside over criminal cases, invocation of that authority would have amounted to an abuse of discretion in the specific circumstances of Journey's ... case[ ].[4]

Moreover, assuming arguendo that an employer could receive Journey's conviction record under AS 12.62.035, Journey would have received a copy of the information, and thus would have proof of the disclosure. Journey provided no such proof in his motion.

2. *Journey*, 850 P.2d at 668.

3. *Id.* at 665.

4. *Id.* at 665, 667.

5. Interpretation of a statute presents a question of law, which this court reviews *de novo*. *Borg-Warner Corp. v. Avco Corp. (Lycoming Div.)*, 850 P.2d 628, 631 n. 8 (Alaska 1993). Applying our

We granted Journey's petition for hearing as to two matters: (A) the alleged failure of the court of appeals to differentiate between a "set aside" of a conviction order and expungement; that is, whether expunction is a necessary component of a set aside order under AS 12.55.085(e); and (B) the asserted failure of the court of appeals to address whether a trial court has the inherent authority to order expunction of criminal records.

## II. DISCUSSION

### A. Expunction as a Component of Alaska's Statutory Set Aside Statute [5]

▪ Alaska Statute 12.55.085 authorizes our trial courts to suspend the imposition of a sentence and thereafter set aside a conviction if the defendant successfully completes a probationary period. Alaska Statute 12.55.085 provides, in part:

(a) Except as provided in (f) of this section, if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence ... and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

. . . .

(e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

*See also* Alaska R.Crim.P. 35.2(a).

The issue of whether the term "set aside" includes expungement[6] of the defendant's

independent judgment, we will adopt the rule of law that is most persuasive in view of precedent, reason, and policy. *In the Matter of J.L.F. and K.W.F.*, 828 P.2d 166, 168 n. 5 (Alaska 1992).

6. Though some courts and commentators distinguish between "expunction" and "expungement," we regard the terms as interchangeable, the more common practice. *See, e.g., United States v. Bush*, 438 F.Supp. 839, 840 n. 1 (E.D.Pa.1977) (stating that "expungement" contemplates only a notation that a conviction has been eliminated while "expunction" refers to the actual destruction of criminal records themselves); Karen A. Henson, Comment, *Criminal Procedure: Expunction—Fact or Fiction?* 31

criminal record is one of first impression. Journey acknowledges that the meaning of the "set aside" language has never been precisely defined, yet he contends that our case law, other jurisdictions' case law, and principles of statutory construction, as well as common sense, lead to but one conclusion: expungement is a necessary component of a set aside of a conviction. We disagree.

### 1. Statutory Interpretation and Alaska Case Law

Looking first to the statutory language, AS 12.55.085(e) refers only to setting aside the conviction; expungement is not mentioned. Similarly, Alaska Criminal Rule 35.2, which implements AS 12.55.085(e), reiterates the statutory mandate that a certificate setting aside the conviction be issued, but is silent as

to expungement. Passed in 1965, AS 12.55.085 has no legislative history to illuminate the meaning of its text. However, we note that in contrast to AS 12.55.085(e), the legislature has explicitly addressed the issue of criminal records in a related context.[7] Though not necessarily dispositive, the fact that the legislature has expressly provided for the sealing of a minor's criminal record demonstrates both its recognition of the issue as well as its ability to act accordingly.[8]

▪ ■ Similarly, holding that AS 12.55.085 allows for expunction renders the statute internally inconsistent. That is, if convictions that are set aside are to be expunged, then a portion of subsection (f)(3) of the statute is effectively meaningless.[9] Principles of statu-

---

Okla.L.Rev. 978, 981 (1978) (cautioning that terminology in this field is inconsistent and that various cases and statutes attach different meanings to the same terms). Though Journey construes expunction as the "deletion of the computerized criminal history information related to his set aside conviction," his principal concern—employer access—could arguably be satisfied by less drastic measures (i.e. restricted dissemination, "sealing" of records, etc.). In any event, it is unnecessary in this instance to define the substantive semantical distinctions between "expungement" and "expunction."

7. AS 47.10.090, which applies to proceedings involving a delinquent minor, provides in relevant part:

> (a) The court shall make and keep records of all cases brought before it.
> . . . .
> (c) Within 30 days of the date of a minor's 18th birthday ... the court shall order all the court's official records pertaining to that minor sealed, as well as records of all driver's license proceedings under AS 28.15.185, criminal proceedings against the minor, and punishments assessed against the minor. A person may not use these sealed records for any purpose except that the court may order their use for good cause shown or may order their use by an officer of the court in making a presentencing report for the court.

AS 47.10.090 was amended as recently as 1994. Ch. 113, § 12, SLA 1994.

8. Similarly, the United States Sentencing Commission treats expunged convictions differently than those that have been set aside when determining the presence of aggravating factors. *See* United States Sentencing Commission, *Federal Sentencing Guidelines Manual*, § 4A1.2(j) & cmt.

10 (West 1994–95 ed.). The commentary to this section states:

> 10. *Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

*Id.* at § 4A1.2 cmt. 10.

By treating expunged convictions differently than set aside convictions, the Sentencing Commission recognized that expungement is not synonymous with, nor a necessary component of, set aside.

9. AS 12.55.085(f)(3) provides:

> The court may not suspend the imposition of sentence of a person who
> (3) is convicted of a violation of AS 11.41.210—11.41.250 or 11.41.510—11.41.530, and the person has, within the 10 years preceding the commission of the offense for which the person has been convicted, one or more prior convictions for a violation of AS 11.41 or for a violation of a law in this or another jurisdiction having substantially similar elements to an offense defined in AS 11.41; *for the purposes of this paragraph, a person shall be considered to have a prior conviction even if that conviction has been set aside under (3) of this section or under the equivalent provision of the laws of another jurisdiction.*

(Emphasis added.) This provision was amended in 1993; however, the amendment has no bearing on this case. Ch. 40, § 7, SLA 1993.

tory interpretation militate against such a reading.[10]

Journey relies heavily on *Mekiana v. State*[11] in which the court of appeals held that the enactment of AS 12.55.085 was "clearly intended to provide probationers who received a suspended imposition of sentence with the prospect of a clean slate and the promise of a new beginning...."[12] Journey argues that such a prospect has little meaning if it fails to protect probationers from the adverse effect that a criminal record has upon one's employment prospects and reputation. In citing *Larson v. State*,[13] Journey similarly argues that since AS 12.55.085 "ensure[s] that a defendant will not be prejudiced in his later law-abiding life by the collateral consequences flowing from a criminal conviction,"[14] expungement is but a natural extension of an already accepted doctrine.

■ In *Larson*, the court of appeals held that a conviction which had been set aside under AS 12.55.085(e) could not be considered a conviction for presumptive sentencing purposes.[15] However, the court of appeals also held that the set aside conviction could be used for certain other purposes related to sentencing. Specifically, the court of appeals allowed the use of the conviction to justify the imposition of the maximum sentence.[16] Implicit in this holding is that the court of appeals anticipated the preservation of records of the set aside conviction for use in certain limited circumstances. Thus, as *Larson* makes clear, the premise that the "collateral consequences" of a set-aside verdict should be limited does not lead to the conclusion that expungement is part and parcel of a set aside under AS 12.55.085(e).[17]

■ The pernicious effects of criminal records are well documented. Courts,[18] commentators,[19] and legislatures[20] have recognized that a person with a criminal record is often burdened by social stigma, subjected to additional investigation, prejudiced in future criminal proceedings, and discriminated against by prospective employers.[21] Though we recognize this unfortunate reality, Journey's overall argument that expungement is a necessary component of a set aside is unpersuasive.

Moreover, the decisions from other states which Journey cites do not support his position. Unlike AS 12.55.085(e), several jurisdictions' set aside statutes expressly provide for expungement or the sealing of records.[22]

---

10. *Homer Elec. Ass'n v. Towsley*, 841 P.2d 1042, 1045 (Alaska 1992) (stating that, as a general rule, statute should be construed so that effect is given to all its provisions and no part is inoperative or superfluous, void or insignificant).

11. 707 P.2d 918 (Alaska App.1985), *rev'd on other grounds*, 726 P.2d 189 (Alaska 1986).

12. *Id.* at 921.

13. 688 P.2d 592 (Alaska App.1984).

14. *Id.* at 596.

15. *Id.* at 597.

16. Alaska Statute 12.55.155(c)(8) allows the sentencing court to consider as an aggravating factor whether "the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior...." In *Larson*, the defendant had received a five-year suspended sentence for armed robbery of a cab driver. *Larson*, 688 P.2d at 594.

17. This is essentially the reasoning adopted by the district court in the present case. The district court stated its belief that a set aside merely reinstates such civil privileges as the right to vote

or serve on a jury. The district court then continued:

> At the same time, there are a lot of other cases that make it clear that even though ... a set aside is granted, the case isn't supposed to disappear. It's supposed to be considered for certain purposes and not for others.

18. *See, e.g., Menard v. Saxbe*, 498 F.2d 1017, 1024 (D.C.Cir.1974); *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157, 159 (Colo.1972) (en banc).

19. Aidan R. Gough, *The Expungement of Adjudication Records of Juvenile and Adult Offenders: A Problem of Status*, 1966 Wash.U.L.Q. 147, 153–59.

20. *See* Henson, *supra* note 6.

21. Larry W. Yackle, *Postconviction Remedies* § 146, at 538 (1981).

22. Minnesota's statutes allow the court to suspend the imposition of sentence in the case of certain offenses relating to the possession of controlled substances. Minn.Stat.Ann. § 152.18(2) (West 1994). The Minnesota statute specifically provides:

In contrast, and as already discussed, AS 12.55.085(e) does not speak to expungement or the sealing of records.

### 2. Expungement Pursuant to 6 AAC 60.100(a)

Journey also cites 6 Alaska Administrative Code (AAC) 60.100(a) to support his expungement claim. It states in pertinent part:

> PURGING OF CRIMINAL HISTORY RECORD INFORMATION. (a) Criminal history record information collected, stored, processed or disseminated within the Alaska justice information system must be purged as follows:
>
> . . . .
>
> (2) Upon final disposition of an arrest or criminal proceeding in favor of the arrestee, all criminal history record information collected and stored as a result of that arrest or proceeding must be immediately closed, except fingerprint classifications and medical information under 6 AAC 60.110.
>
> (3) Criminal history record information closed under ... (2) of this subsection

must be expunged no sooner than 60 and no later than 90 days after closure.

Journey argues that successful completion of a suspended imposition of sentence is a disposition in his favor, entitling him to expungement under 6 AAC 60.100(a).[23]

■ On the merits, Journey's SIS is not a "disposition in his favor" pursuant to 6 AAC 60.100. Journey's case is similar to *City of St. Paul v. Froysland*[24] where the Minnesota Supreme Court denied an expunction request. After her arrest, Froysland pled guilty to a charge of disorderly conduct, and received a six-month stay of imposition of sentence pursuant to Minnesota's probation statute.[25] The trial court instructed the defendant that if she did not get into any more trouble, the charge would be dismissed, and that after dismissal she would be able to state that she had not been convicted of the offense. After the six-month period, the trial court struck the guilty plea, vacated the conviction, and dismissed the charge. However, when Froysland attempted to obtain the return of criminal identification data under a statute that provided for such return "[u]pon the determination of all pending criminal actions or proceedings in favor of the arrested

Upon the dismissal of such person and discharge of the proceedings against the person ..., such person may apply to the district court in which the trial was had for an order to expunge from all official records, other than the nonpublic record retained by the department of public safety ... all recordation relating to arrest, indictment or information, trial and dismissal and discharge.... If the court determines, after hearing, that such person was discharged and the proceedings against him dismissed, it shall enter such order. The effect of the order shall be to restore the person, in the contemplation of the law, to the status he occupied before such arrest or indictment or information.

Minn.Stat.Ann. § 152.18(2) (West 1994); *see also* Or.Rev.Stat. § 137.225(1)–(3) (1993) (permitting a criminal defendant who has had their conviction set aside to petition the court to issue an order sealing the record of conviction).

**23.** Relying on an informal opinion of the Attorney General, 1986 Vol. II Informal Op. Att'y Gen. 441, the State does not address the merits of whether an SIS is a "disposition" in Journey's "favor" and instead contends that 6 AAC 60.100(a) is inapplicable. The basis for the attorney general's conclusion was former AS 12.62.070(3), the definition section of chapter 62.

Former AS 12.62.070(3) defined "criminal justice information system" as follows:

"[C]riminal justice information system" means a system, including the equipment, facilities, procedures, agreements, and organizations related to the system funded in whole or in part by the Law Enforcement Assistance Administration [LEAA], for the collection, processing, or dissemination of criminal justice information.

Since the State's current computerized criminal record information system—the Alaska Public Safety Information Network ["ASPIN"]—is not funded with LEAA money, the Attorney General concluded that the regulations were inapplicable. 1986 Vol. II Informal Op. Att'y Gen. at 443. Instead of addressing this semantical issue, we address the merits. We also note that recent legislation redefining "criminal justice information system" so as to omit any reference to the basis of the system's funding renders the Attorney General's informal opinion moot, if not incorrect. *See* Ch. 118, § 2, SLA 1994 (codified at AS 12.62.900(12)).

**24.** 310 Minn. 268, 246 N.W.2d 435 (1976).

**25.** *Id.* 246 N.W.2d at 436; *see also* Minn.Stat. Ann. § 609.135 (West 1994).

person," [26] the City of St. Paul denied her request.[27]

The trial court upheld the denial. To this effect, the trial court reasoned that the statute providing for the return of criminal identification records was intended to benefit individuals who either were acquitted of an offense or were released without further proceedings, and that in the absence of legislative action extending the statute's protections to individuals who have admitted guilt, return of the records would infringe upon the record-keeping functions of the executive branch.[28] The Minnesota Supreme Court affirmed the trial court's decision.[29] Thus, whether or not applicable, we conclude that Journey is not entitled to expungement per 6 AAC 60.100.

### 3. Cases Interpreting the Federal Youth Corrections Act

■ Lastly, Journey relies upon *Doe v. Webster*[30] in which the court rejected the government's argument that the use of the term "set aside" indicated a Congressional intent not to allow expunction. The *Webster* court based its holding on a provision of the former Federal Youth Corrections Act which provided a procedure for youthful offenders to have convictions set aside.[31] 18 U.S.C. § 5021(b) (repealed 1984). Journey correctly notes that when construing AS 12.55.085, this court has looked to cases construing the former Federal Youth Corrections Act.[32]

Nonetheless, *Webster* is not entirely helpful to Journey's case. Though it construed the Act to mandate expunction of the conviction, the *Webster* court held that the Act did not require expunction of the record of arrest.[33] With regard to the defendant's arrest record, the *Webster* court applied the federal test for exercise of a court's inherent authority to expunge, and held that the defendant had not shown any extraordinary circumstances warranting expunction.[34] Furthermore, a number of federal circuits have reached a result contrary to *Webster*, concluding that the Act requires expunction of neither arrest nor conviction records.[35]

■ In short, we conclude that our case law, the decisions of our sister states, and the application of traditional canons of statutory construction all lead to the conclusion that AS 12.55.085(e) does not authorize a court to expunge a defendant's criminal record relating to the underlying conviction which is to be set aside.

### B. Expunction as a Function of a State Trial Court's Inherent Authority [36]

Journey contends that the court of appeals improperly avoided the issue of whether trial courts have the inherent authority to grant expunction of a defendant's criminal record as a remedy. The court of appeals declined to decide whether a court has the inherent authority to expunge, asserting that such a

26. Minn.Stat.Ann. § 299C.11 (West 1994).

27. *Froysland*, 246 N.W.2d at 436.

28. *Id.* at 436–37.

29. *Id.* at 439; *see also State ex. rel. Peach v. Tillman*, 615 S.W.2d 514 (Mo.App.1981) (per curiam); *cf. Gregg v. Commonwealth of Virginia*, 227 Va. 504, 316 S.E.2d 741, 742–43 (1984) ("The expungement statute applies to innocent persons, not to those who are guilty. Under the first offender statute, probation and ultimate dismissal is conditioned on a plea of guilty or a finding of guilt. In the present case, the accused pled guilty. One who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed.' ").

30. 606 F.2d 1226 (D.C.Cir.1979).

31. *Id.* at 1233.

32. *See Mekiana*, 726 P.2d at 192.

33. *Webster*, 606 F.2d at 1230.

34. *Id.* at 1230–31.

35. *E.g.*, *United States v. Doe*, 859 F.2d 1334, 1335 (8th Cir.1988); *United States v. Doe*, 732 F.2d 229, 230–32 (1st Cir.1984) (holding that congressional intent was to protect youthful offenders only from legal detriment, not to allow them to hide their past from employers).

36. Whether a trial court has the inherent authority to order expunction of a defendant's criminal record presents a question of law. We review questions of law under the independent judgment standard, adopting the rule of law that is most persuasive in light of precedent, reason,

decision would amount to a *de facto* advisory opinion.[37]

Given the fact that neither party provides adequate briefing on the question of how state courts, as opposed to federal courts, have decided the inherent authority to expunge issue, we conclude that this case presents an inappropriate occasion upon which to decide the issue.[38]

### C. Trial Courts Should Not Foster Legally Unsupportable Expectations

In sympathizing with Journey, the district court stated that defendants who receive SISs are routinely informed that "'[i]f you [fulfill your probation], the conviction will be set aside, and after that you can honestly say that you don't have a conviction[.]' ... I know a lot of defendants are hearing that." The district court also stated:

> It's problematic.... I've got a lot of sympathy for people that get SISs on the belief that their conviction is going to somehow go away if they complete probation. And then they're ... bitterly disappointed when it turns out that it only goes away in the sort of a narrow, technical sense.

Assuming such advice is commonplace, it is not only "problematic," but inappropriate and potentially misleading as well. In the event a trial court has the occasion to explain to a defendant the consequences of the imposition of an SIS, it must refrain from inadvertently fostering legally unsupportable expectations on the defendant's part.[39]

### III. CONCLUSION

Expunction of a defendant's criminal record is not authorized under the set aside provisions of AS 12.55.085(e). We therefore conclude that the district court was correct in its ruling that it lacked statutory authority to order Journey's criminal record expunged

upon "discharge by the court without imposition of sentence" and the subsequent setting aside of his conviction.

The judgment of the court of appeals is AFFIRMED.

---

and policy. *Ford v. Municipality of Anchorage,* 813 P.2d 654, 655 (Alaska 1991).

**37.** *Journey,* 850 P.2d at 665–67.

**38.** *See, e.g., Kollodge v. State,* 757 P.2d 1028, 1036 (Alaska 1988) ("The briefing on this issue ... is inadequate. Thus, we do not address this

issue."); *McKnight v. Rice, Hoppner, Brown & Brunner,* 678 P.2d 1330, 1337 n. 12 (Alaska 1984).

**39.** This admonition is not intended to be, nor should it in any manner be construed as, an addition to the mandatory advisement requirements of Criminal Rule 11(c)(3)(i).