**Henry L. JOHNSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8079.**

Court of Appeals of Alaska.

July 26, 2002.

See also 662 P.2d 981.

John C. Pharr, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and
MANNHEIMER and STEWART, Judges.

### OPINION

STEWART, Judge.

In 1980, a jury convicted Henry L. Johnson of kidnapping and rape. Johnson served his time and is no longer on supervised probation and parole. In 2001, Johnson moved to have the court seal the records of his criminal convictions. The court denied his motion. Johnson now appeals. He claims the superior court erred when it denied his motion because he presented "good cause" for the court to seal his records.

Because the superior court could reasonably conclude that the public policy reasons for allowing criminal records to remain open to the public outweigh the reasons that Johnson proffered for sealing his records, we affirm the superior court's ruling.

### Facts and proceedings

In 1980, a jury convicted Johnson of one count each of kidnapping and rape.[1] We affirmed Johnson's convictions on direct appeal.[2] Johnson served his time, and in 1992, his probation and parole supervision ended.

In 2001, Johnson moved to have the records of his criminal convictions sealed. Johnson's motion included a memorandum in support of the motion, an affidavit from Johnson explaining his reasons for wanting his records sealed, an award from an employer, and four letters praising Johnson from co-

workers, friends, and a landlord. Superior Court Judge Michael L. Wolverton denied the motion to seal the records. Johnson now appeals.

### Discussion

#### Did Johnson present good cause for sealing his file?

Johnson states that he is "completely rehabilitated" and that public access to his files adversely affects his life. Johnson believes several recent events are related to individuals finding out about his conviction, including harassing phone calls, vandalism of his shed and truck (they were smeared with mud), a false accusation by a co-worker that Johnson threatened him, and "bad attitudes displayed toward him by [his superiors]." He believes co-workers have information on his convictions because the company does background checks of employees. Johnson recently married, and he would like to put the past behind him.

Johnson acknowledges that his case is the subject of a published opinion,[3] but he still wants to limit access to his record.[4] Johnson's proposed order states, "The records of defendant's conviction are sealed, and may be viewed only upon a showing of good cause to the court."

The policy of open access to public records has a long history. At common law, every interested person was entitled to inspect public records.[5] And in Alaska, the open records policy dates back to 1900.[6] Alaska Statute 40.25.120(a) provides that "every person has a right to inspect a public record in the state" and lists exceptions not applicable in Johnson's case. More specifically, AS

1. Former AS 11.15.260 and former AS 11.15.120(a)(1), respectively.

2. See Johnson v. State, 662 P.2d 981 (Alaska App.1983).

3. See id.

4. Johnson is not required to register as a sex offender because he committed his sexual offense in 1980, prior to the legislature's 1994 enactment of the Alaska Sex Offender Registration Act. See

Doe v. Otte, 259 F.3d 979, 995 (9th Cir.2001) (holding that the Alaska Sex Offender Registration Act violates the Ex Post Facto Clause of the United States Constitution when applied to defendants whose crimes were committed before enactment of the law), cert. granted, —— U.S.——, 122 S.Ct. 1062, 151 L.Ed.2d 966 (2002).

5. See Kenai v. Kenai Peninsula Newspapers, Inc., 642 P.2d 1316, 1319 (Alaska 1982).

6. See id.

12.62.160 provides for the use and release of criminal justice information:

> (b) Subject to the requirements of this section, and except as otherwise limited or prohibited by other provisions of law or court rule, criminal justice information
>
> . . . .
>
> (8) may be provided to a person for any purpose, except that information may not be released if the information is nonconviction information or correctional treatment information[.]

In addition, Alaska Administrative Rule 37.5(a) provides: "All public records within the Alaska Court System shall be open to inspection by any member of the public[.]" This administrative rule defines "public records" to include any "document or item filed with, or prepared, owned, or used, by the Alaska Court System which contains information relating to the conduct of the public's business[.]"[7] The rule enumerates four exceptions to the requirement that records be open to the public, including "[m]atters which are required to be kept sealed or confidential pursuant to statute, court rule or order of a court for good cause[.]"[8]

■ In cases where there is no express exception to the state's disclosure laws, we balance "the public interest in disclosure on the one hand, and the privacy and reputation interests of the affected individuals together with the government's interest in confidentiality, on the other."[9] We also recognize the legislature's expressed bias in favor of public disclosure and that "[d]oubtful cases should be resolved by permitting public inspection."[10] In a case involving criminal records, we balance the public's right to know about an individual's past crimes against the convicted individual's right to privacy.

Johnson's case is no different than any number of felons who are successfully rehabilitated yet who can point to negative events in their lives and blame the events on the disclosure of criminal records. "Courts, commentators, and legislatures have recognized that a person with a criminal record is often burdened by social stigma, subjected to additional investigation, prejudiced in future criminal proceedings, and discriminated against by prospective employers."[11]

■ We need not define the parameters of "good cause" in this case. Even if the court has the power to seal a court file such as Johnson's if presented with extraordinary circumstances to override public access, the superior court could reasonably conclude that Johnson has not shown such extraordinary circumstances. Furthermore, state law and the court rules express a clear preference for public records to remain accessible. Accordingly, the superior court did not abuse its discretion when it denied Johnson's motion to seal his court records.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**7.** Alaska R. Admin. P. 37.5(b).

**8.** Alaska R. Admin. P. 37.5(b)(4).

**9.** *Anchorage v. Anchorage Daily News,* 794 P.2d 584, 590 (Alaska 1990) (citing *Kenai,* 642 P.2d at 1325).

**10.** *Kenai,* 642 P.2d at 1323.

**11.** *Journey v. State,* 895 P.2d 955, 959 (Alaska 1995).