STATE of Alaska, DIVISION OF CORPORATIONS, BUSINESS AND PROFESSIONAL LICENSING, ALASKA BOARD OF NURSING, Appellant,

v.

Joy PLATT, Appellee.

No. S–12173.

Supreme Court of Alaska.

Oct. 26, 2007.

David L. Brower, Assistant Attorney General, and David W. Márquez, Attorney General, Juneau, for Appellant.

Mark D. Osterman, Mark D. Osterman Law Office, P.C., Kenai, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

The Alaska Board of Nursing denied appellee's application to be certified as a nurse aide by examination based on the fact that she had previously been convicted of felony forgery. The superior court reversed the board's decision, holding that the board could not rely on the conviction because it had been set aside. Because we conclude that the board may properly consider a conviction that has been set aside and that substantial evidence supported the board's decision, we affirm the board's decision to deny the application.

## II. FACTS AND PROCEEDINGS

### A. Facts

Joy Platt applied to the Division of Occupational Licensing to become a certified nurse aide [1] by examination on May 10, 2002. The application asked whether she had been convicted of a criminal offense and stated

---

1. Nurse aides "[p]rovide basic patient care under direction of nursing staff. [They] [p]erform duties, such as feed, bathe, dress, groom, or move patients, or change linens." BUREAU OF LABOR STATISTICS, U.S. DEP'T OF LABOR, STANDARD OCCUPATIONAL CLASSIFICATION § 31–1012 (2001), available at http://www.bls.gov/soc/soc_k1b2.htm.

that "convictions include suspended imposition of sentence." Platt indicated that she had been convicted, but did not provide any further explanation. Platt's application was forwarded to the Alaska Board of Nursing for consideration. The board sought and received documentation of Platt's criminal convictions. Because of the importance of the facts surrounding her convictions to the legal issues raised in this appeal, we set out the facts here in some detail.

In 1991 Joy Platt moved from Oregon to the Kenai Peninsula to live with a family friend, Ms. V. W., while she completed high school. Platt attended a private high school affiliated with the church where Ms. W. was the pastor, graduating in 1996. After graduation, Platt married Michael Platt; the couple experienced severe financial distress when they both lost their jobs. From mid-September 1997 through November 1997, Platt forged fourteen checks belonging to Ms. W. for a total of $6,641.90. Platt was indicted on fourteen counts of Forgery in the Second Degree and one count of Theft in the Second Degree. From late January 1998 to mid-February 1998, Platt also forged ten more checks belonging to another couple, acquaintances of Platt who attended her church, for a total of $3,152.81. Platt had lived with this couple for a period of time in 1995.

In June 1998 Platt was convicted after pleading no contest to two counts of Forgery in the Second Degree and one count of Theft in the Second Degree, Class C felonies. She was given a suspended imposition of sentence (SIS) on the conditions that she serve six

months in jail and pay restitution, and she was placed on probation for five years.

In December 1999, while still on felony probation, Platt was convicted of Theft in the Third Degree, a Class A misdemeanor, for shoplifting child care products from Fred Meyer. A petition to revoke Platt's felony probation was filed, but the judge did not revoke her SIS. Instead, her probation was continued and she was sentenced to ninety days in jail, with eighty days suspended, for the probation violation.[2]

The Board of Nursing considered Platt's application in June 2002. It denied the application on the grounds that her 1998 forgery conviction was "substantially related to the qualifications, functions, or duties of a certified nurse aide."[3] In response to the board's decision, Platt wrote a letter appealing the decision. In Platt's July 2002 letter, she indicated that she expected to have her convictions set aside by late 2003.

## B. Proceedings

An administrative hearing was held in March 2003 to review the board's decision. After hearing testimony from numerous witnesses, the hearing officer issued a proposed decision containing factual findings, conclusions of law, and analysis. The hearing officer found that Platt had been convicted of forgery in June 1998 but had been given a suspended imposition of sentence, which the hearing officer assumed would be set aside by the time the board issued its final decision.[4] In his conclusions of law, the hearing

---

**2.** Platt's probation officer, who supplied this information to the board, also sent a letter informing the board that Platt had made "noted progress" during probation and supporting her application.

**3.** AS 08.68.334 applies to certification of nurse assistants: "The board may deny a certification to, or impose a disciplinary sanction authorized under AS 08.01.075 against, a person who ... (2) has been convicted of a crime substantially related to the qualifications, functions, or duties of a certified nurse aide."

AS 08.68.270 applies to licensing of nurses: "The board may deny, suspend, or revoke the license of a person who ... (2) has been convicted of a felony or other crime if the felony or

other crime is substantially related to the qualifications, functions or duties of the licensee."

Although AS 08.68.334(2) was applicable, the hearing officer and superior court relied on AS 08.68.270(2). This mistake was harmless in light of the similarities between the two statutes and the fact that forgery is a "substantially related" offense under both provisions. *See* 12 AAC 44.705(16).

**4.** The record establishes that Platt's theft conviction was set aside pursuant to AS 12.55.085 in November 2003. Although the record suggests that Platt's forgery conviction was set aside at the same time, the record is not clear on this issue. Because both parties treat Platt's forgery conviction as having been set aside, we do the same.

officer held that there was no legal barrier to consideration of a set-aside conviction in making an employment decision and that "a person against whom a judgment of conviction has been entered and subsequently set aside pursuant to AS 12.55.085(e) is a person who 'has been convicted' within the meaning of AS 08.68.270(2)." The hearing officer nonetheless recommended that the board exercise its discretion in favor of granting Platt a license because she would be a "competent, caring, committed" nurse aide and was "unlikely to engage in criminal conduct in the long term."

The board declined to adopt the hearing officer's decision and requested that the parties submit additional written briefing before it issued its own decision. After considering the supplemental briefing and the record from the hearing, the board adopted the hearing officer's findings of fact and conclusions of law. The board declined, however, to adopt the hearing officer's analysis. In its own analysis the board "placed particular weight on [Platt's] serious and repeated criminal conduct and the close relationship between the victims and the applicant" and "placed relatively less weight on character references and on the use of a [set aside] disposition." The board denied Platt's application and notified her of her right to appeal to the superior court.

Platt appealed. Relying on *Doe v. State, Department of Public Safety,*[5] the superior court held that a conviction that had been set aside did not constitute a prior felony conviction under AS 08.68.270. The court concluded that the board was attempting to treat Platt "as if she remained convicted" despite the fact that her conviction had been set

aside. The court held that this was improper and reversed the board's decision.

The board appeals.

## III. STANDARD OF REVIEW

When we review the superior court's resolution of an administrative appeal, we review the agency's determination directly, without deferring to the superior court's decision.[6] Whether the board has the authority to consider a conviction that has been set aside is a question of law that does not implicate the board's expertise; accordingly, we review it using the substitution of judgment test.[7] Because the board's expertise is implicated in the ultimate licensing decision, however, we review that decision using the reasonable basis standard, under which we will affirm the decision if it is "supported by the facts and has a reasonable basis in law."[8]

## IV. DISCUSSION

This appeal asks whether the board may consider a conviction that has been set aside when making a licensing decision under AS 08.68.334 and whether the board's decision was supported by the evidence in this case. We address each question in turn.

### A. The Board Properly Considered Platt's Set Aside Conviction.

█ The legislature has authorized the board to deny certification to any individual who "has been convicted of a crime substantially related to the qualifications, functions, or duties of a certified nurse aide."[9] Exercising its power to adopt regulations necessary "to protect the health, safety, and welfare of clients served by nurse aides,"[10] the board classified forgery and theft as such crimes.[11] The central issue presented is whether an individual whose conviction has been set aside pursuant to AS 12.55.085[12]

---

5. 92 P.3d 398 (Alaska 2004).

6. *Alaska Ctr. for the Env't v. State*, 80 P.3d 231, 236 (Alaska 2003).

7. *Id.*

8. *Tesoro Alaska Petroleum v. Kenai Pipe Line*, 746 P.2d 896, 903 (Alaska 1987).

9. AS 08.68.334(2); *accord* AS 08.68.270(2) (board may deny license to nurse applicant person who has committed crime that is "substan-

tially related to the qualifications, functions or duties of the licensee").

10. AS 08.68.100(a)(1).

11. 12 AAC 44.705(16).

12. AS 12.55.085 provides in relevant part:

(a) Except as provided in (f) of this section, if it appears that there are circumstances in mitigation of the punishment, or that the ends of

remains someone who "has been convicted of a crime substantially related to the qualifications, functions, or duties of a certified nurse aide" under AS 08.68.334(2). For the reasons explained below, we answer in the affirmative.

Alaska Statute 12.55.085 authorizes the superior court to suspend the imposition of a sentence "and thereafter set aside a conviction if the defendant successfully completes a probationary period." [13] Platt's conviction for forgery was set aside in November 2003. [14] The board argues that the fact of conviction remains part of Platt's criminal history even though it was set aside, and therefore the fact of conviction can be considered by the board. Platt argues that the use of the term "conviction" in AS 08.68.334 was not intended to include set aside convictions.

■ In Alaska a conviction that has been set aside loses much of its legal importance in future legal proceedings. A set aside conviction does not qualify as "a 'conviction' in situations in which a sentence is increased or a crime is defined by a prior conviction." [15] It cannot trigger a presumptive sentence [16]

and can be used as an affirmative defense to some repeat offender statutes. [17] In other words, the act of setting a conviction aside creates "a settled expectation that the state [will] not subsequently use the conviction ... as a basis for imposing brand-new affirmative burdens on [the defendant]." [18]

■ Although setting aside a conviction limits the consequences of the conviction itself, it does not change the fact that an individual was previously found guilty of committing a crime. [19] We explained in *Spenard Action Committee v. Lot 3, Block 1, Evergreen Subdivision* [20] that where a conviction is set aside it "does not mean that the crime, and the events surrounding the crime, never occurred." [21] Setting aside a conviction does not expunge the conviction from the individual's criminal record, [22] which means that "[b]oth the conviction and the judgment setting it aside consequently remain in the public record." [23] Thus, although the set aside indicates that the defendant has made a "substantial showing of rehabilitation," [24] it does not erase the fact of convic-

---

justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence that may be imposed or a period of one year, whichever is greater, and upon the terms and conditions that the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

. . . .

(e) Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

**13.** *Journey v. State*, 895 P.2d 955, 957 (Alaska 1995).

**14.** *See supra* note 4.

**15.** *Doe v. State, Dep't of Pub. Safety*, 92 P.3d 398, 406 (Alaska 2004).

**16.** *Larson v. State*, 688 P.2d 592, 597 (Alaska App.1984).

**17.** *Doe*, 92 P.3d at 406 (discussing affirmative defense under AS 11.61.200).

**18.** *Id.* at 408.

**19.** *See Larson*, 688 P.2d at 597 (affirming superior court's reliance on conduct underlying appellant's set aside conviction to classify the appellant as a "worst offender" and impose the maximum sentence).

**20.** 902 P.2d 766 (Alaska 1995).

**21.** *Id.* at 779; *accord Larson*, 688 P.2d at 598 (set aside of appellant's earlier robbery conviction "did not change the fact that a conviction had taken place or establish that [the appellant] had not previously committed a robbery").

**22.** *Journey v. State*, 895 P.2d 955, 962 (Alaska 1995). *Cf. Spenard Action Comm.*, 902 P.2d at 779 ("[T]he dismissal of a charge following the period of stayed imposition of sentence is in the nature of a pardon, not a declaration of innocence.") (quoting *City of St. Paul v. Froysland*, 310 Minn. 268, 246 N.W.2d 435, 438 (1976)). The only instance in which Alaska law provides that an adult may have a conviction removed from his or her criminal record is where he or she is able to show that "beyond a reasonable doubt, [the conviction] resulted from mistaken identity or false accusation." AS 12.62.180(b).

**23.** *Doe*, 92 P.3d at 407.

**24.** *Id.* at 406 (citing *Wickham v. State*, 844 P.2d 1140, 1144 (Alaska App.1993)).

tion.[25]

As we have noted in previous cases, the fact of conviction may lead to certain "lingering consequences" that "follow naturally from the original conviction and are not inconsistent with the findings [of rehabilitation] that justify a set-aside or with the set-aside order itself."[26] Where, for example, the superior court must decide among a range of sentences, it is permitted to consider the fact that an individual has previously been convicted· when determining what sentence is appropriate.[27] Similarly, because the fact of conviction remains part of an individual's criminal record after a conviction is set aside, "[m]embers of the public, such as potential employers inquiring into a job applicant's criminal record, can learn of the existence of a conviction that has been set aside."[28]

Thus, although Platt's ·forgery and theft convictions had been set· aside, our case law does not require that the board treat her as though she had never been convicted. Such an approach would force the board to ignore the fact that she was convicted of committing serious crimes. That approach would be inconsistent with the board's duty to protect the "health, safety, and welfare of clients served by nurse aides"[29] because it would prevent the board from undertaking a thorough and informed evaluation of each applicant. We conclude that despite the fact that Platt's forgery and theft convictions[30] had been set aside, she remained a person who "has been convicted" of a criminal offense within the meaning of AS 08.68.334(2). The board's consideration of the fact that Platt had previously been convicted of a serious crime was therefore not in error.

We are cognizant of the fact that criminal records, even those containing convictions that have been set aside, often have "pernicious effects."[31] We observed in *Journey v. State* that "a person with a criminal record is often burdened by social stigma, subjected to additional investigation, prejudiced in future criminal proceedings, and discriminated against by prospective employers."[32] These consequences may be harsh where, as appears to be the case here, the individual has demonstrated an ability to turn her life around after· being convicted. But they appear to be within the contemplation of the legislature that enacted AS 08.68.334(2). For the reasons set forth. above, her objection to the board's consideration of the fact that she had been convicted is unavailing.

**B. Substantial Evidence Supports the Board's Decision To Deny Platt's Application.**

■ After reviewing the hearing officer's recommended decision, the board adopted the hearing officer's findings of fact and conclusions of law but rejected his analysis and his proposed decision. In its own analysis, the board chose to give Platt's conviction for forgery great weight based on the fact that Platt had a close relationship with her victims. Writing on behalf of the board, Mary H. Weymiller, L.P.N., the chairperson of the Alaska Board of Nursing, indicated that the board in its discretion rejected the hearing officer's recommended course of action because the board "placed particular weight on [Platt's] serious and repeated criminal conduct and the close relationship between the

25. *See id.* at 406–07.

26. *Id.* at 407.

27. *See supra* note 19; *see also* AS 12.55.155(c)(8) & (c)(21) (allowing court to consider defendant's prior criminal· history as aggravating sentencing factor).

28. *Doe,* 92 P.3d at 407.

29. AS 08.68.100(a)(1).

30. While it is clear that the board relied on Platt's forgery conviction in denying Platt's application, it is unclear whether the board relied on

her theft conviction. In a July 2002 letter the board stated that it had denied Platt's application "in accordance with 12 AAC 44.705(16) Felony forgery conviction in March 1998." But in its July 2004 letter written to explain why it declined to adopt the hearing officer's recommendation, the board stated that it "placed particular weight on [Platt's] serious and repeated criminal conduct." In light of this ambiguity, we interpret the board's action as relying only on the forgery conviction.

31. *Journey v. State,* 895 P.2d 955, 959 (Alaska 1995).

32. *Id.*

victims and [Platt]." Conversely, the board gave relatively little weight to Platt's character references and the apparent fact that Platt had made substantial progress towards her rehabilitation since her convictions.

Because the board's expertise is implicated in its decision to deny Platt's application, our review of the decision is limited to determining whether there is substantial evidence to support it. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "[33] If substantial evidence supports the board's decision, we must uphold it. Even though there are competing facts that might support a different conclusion than the one arrived at by the board, we will not "reweigh the evidence nor choose between competing factual inferences."[34]

Alaska Statute 44.62.500 [35] authorizes the board to decline to adopt a hearing officer's proposed decision and to instead make its own decision based on the record. The board did exactly this. After reviewing the record and the additional briefing submitted by the parties, the board adopted the hearing officer's findings of fact and conclusions of law, but substituted its own analysis. Our review of the record shows that the board's analysis is supported by substantial evidence.

The record establishes that Platt was convicted of one count of forgery and one count of theft in 1998. Her victims were older persons who had befriended Platt, brought her into their homes, and were vulnerable to her actions. She was given a suspended imposition of sentence, requiring her to serve six months in jail and be on probation for five years. While on probation, Platt was convicted of misdemeanor thefts and was required to serve additional time in jail, and her probation was extended. The board relied heavily on these facts—particularly that Platt repeatedly preyed on older, vulnerable persons who had trusted her—to deny Platt's application.

The position for which Platt sought certification would have put her into frequent contact with persons who, by reason of their medical condition, left them extremely vulnerable to their caregivers. As the hearing officer noted, "many patients under the care of certified nurse aides" are "vulnerable and dependent." The Board of Nursing, attaching more significance to the specific facts underlying Platt's convictions than her rehabilitative efforts following her convictions, "placed particular weight on [Platt's] serious and repeated criminal conduct and the close relationship between the victims and [Platt]." Although reasonable minds may disagree with the correctness of the board's reliance on Platt's criminal history in light of evidence suggesting that Platt had turned her life around, the board's decision clearly is supported by substantial evidence and is therefore affirmed.[36]

## V. CONCLUSION

The Alaska Board of Nursing's denial of Platt's application to be certified as a nurse aide by examination is AFFIRMED. The superior court's decision is REVERSED.

BRYNER, Justice, concurring in part and dissenting in part.

---

**33.** *Wendte v. State, Bd. of Real Estate Appraisers,* 70 P.3d 1089, 1091 (Alaska 2003) (quoting *Handley v. State, Dep't of Revenue,* 838 P.2d 1231, 1233 (Alaska 1992)).

**34.** *Doyon Universal Servs. v. Allen,* 999 P.2d 764, 767 (Alaska 2000) (citations omitted).

**35.** AS 44.62.500(b) and (c) provide in relevant part:

(b) If a contested case is heard by a hearing officer alone, the hearing officer shall prepare a proposed decision in a form that may be adopted as the decision in the case.... Except as otherwise provided in AS 44.64.060(e), for a hearing conducted by the office of administrative hearings, the agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

(c) If the proposed decision is not adopted as provided in (b) of this section the agency may decide the case upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same or another hearing officer to take additional evidence.... The agency may not decide a case provided for in this subsection without giving the parties the opportunity to present either oral or written argument before the agency.... This subsection does not apply to a hearing conducted by the office of administrative hearings.

**36.** *See Wendte,* 70 P.3d at 1091.

BRYNER, Justice, concurring in part and dissenting in part.

I agree with the court's ruling that the board properly considered Platt's set-aside conviction. I also agree that the record is legally sufficient to support the board's decision-that is, when viewed in the light most favorable to upholding the board's decision, there is substantial evidence to support a reasonable conclusion that Platt should not be licensed. But I disagree with the court's decision to affirm the board's ruling. In my view, the board's conclusory rejection of the hearing officer's analysis and its cryptic reference to several selective factors it considered instead provide an inadequate basis for meaningful appellate review.[1] I would thus remand for reconsideration and an adequately explained decision.

---

1. *See, e.g., Fields v. Kodiak City Council*, 628 P.2d 927, 932–33 (Alaska 1981) ("The threshold question in an administrative appeal is whether the record sufficiently reflects the basis for the [agency's] decision so as to enable meaningful judicial review.... Only by focusing on the relationship between evidence and findings, and between findings and ultimate action, can we determine whether the [agency's] action is supported by substantial evidence.").