**John V. HANSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10059.

Court of Appeals of Alaska.

July 10, 2009.

Michael J. Zelensky, Ketchikan, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

John V. Hanson appeals the superior court's denial of his motion to set aside his 1997 conviction for fourth-degree controlled substance misconduct. The underlying facts are these:

In the summer of 1995, the Anchorage police discovered slightly over four and a half pounds of marijuana in Hanson's home. Based on this discovery, Hanson was indicted in 1996 on four counts of fourth-degree controlled substance misconduct.[1] Following a jury trial, Hanson was convicted of two of these felony offenses. Hanson's sentencing took place in September 1997; he received a suspended imposition of sentence, conditioned on his good behavior during 3 years of probation.

After the superior court entered this judgement, Hanson appealed his convictions. Because Hanson received a wholly probationary sentence, his service of the 3 years' probation was automatically stayed pending the resolution of his appeal. *See* Alaska Appellate Rule 206(a)(3), as interpreted in *Jackson v. State*, 926 P.2d 1180, 1185–87 (Alaska App.1996).

In November 1999, this Court affirmed Hanson's convictions. *See Hanson v. State,* Alaska App. Memorandum Opinion No. 4152 (November 24, 1999), 1999 WL 34002425. Because Hanson did not petition the supreme court to review our decision, Hanson's judgement became final sixteen days following the issuance of our decision—that is, on December 10, 1999 [2]—and the stay of Hanson's probation also ended that day.

However, neither the superior court nor the State nor Hanson took any steps to initiate his probation. That is, Hanson never reported to the Department of Corrections, and the State never took action to enforce Hanson's probation.

Under the terms of the Hanson's probation, he was required to report to the Department of Corrections each month. Hanson was also required to perform 150 hours of community work service during his term of probation. In addition, Hanson was required to undergo an alcohol/drug assessment—and, if the assessor recommended it, he was required to successfully complete an outpatient chemical dependency treatment program. Hanson did none of these things.

This situation—inaction on all sides—continued until 2007, when Hanson was convicted of new felony offenses (second- and third-degree assault upon his wife). At this point, Hanson's ten-year-old marijuana convictions assumed new importance.

Under Alaska's sentencing laws, the presumptive range of imprisonment that would govern Hanson's sentencing for his felony assaults hinged on whether he was a first or a second felony offender.[3] (Although Hanson was convicted of two marijuana felonies in 1997, it appears that the State is proceeding under the assumption that these two convictions should be counted as only one prior felony for presumptive sentencing purposes, under the provisions of AS 12.55.145(a)(1)(C).)

Because Hanson had received a suspended imposition of sentence for his earlier mari-

---

1. AS 11.71.040(a)(2), (a)(3)(F), (a)(3)(G), and (a)(5).

2. *See* Alaska Appellate Rules 507(b) and 512(a)(2)[a].

3. *See* AS 12.55.125(d) and (e).

juana felony offenses, he was entitled to ask the superior court to set aside these convictions.[4] Therefore, prior to Hanson's sentencing for the 2007 assaults, Hanson filed a motion in his 1996 criminal case, asking the superior court to set aside his convictions.

In his motion, Hanson argued that his 3–year term of probation automatically commenced running in late 1999 (after this Court issued our decision affirming his convictions on appeal), and that this term of probation therefore expired 3 years later, in late 2002. Hanson asserted that, because these 3 years passed without his probation being revoked, he was entitled to have the superior court issue an order setting aside his convictions.

Superior Court Judge Eric A. Aarseth agreed that Hanson's 3–year term of probation began to run after this Court affirmed his convictions on appeal. However, Judge Aarseth noted that Hanson had failed to comply with significant requirements of his probation. The judge therefore concluded that the State had shown good cause why Hanson was not entitled to a set-aside, and the judge accordingly denied Hanson's motion.

The basic rules that govern cases like Hanson's were set forth by the Alaska Supreme Court in *State v. Mekiana,* 726 P.2d 189 (Alaska 1986).

■ When a sentencing court gives a defendant a suspended imposition of sentence, the court has the discretion under AS 12.55.085(e) to award the defendant a set-aside of the conviction if the defendant successfully completes their probation. *Mekiana,* 726 P.2d at 190. Normally, the superior court should make this decision at the time the defendant's probation ends, or shortly thereafter. *Id.* at 191.

■ Moreover, if a defendant has successfully completed their probation, there is a presumption that the defendant's conviction should be set aside. *Id.* at 193. This means that, if the State opposes the set-aside, it is the State's burden to demonstrate good reason why the set-aside should not be granted. *Id.* And, in order to assure the defendant due process of law, the defendant is entitled

to advance notice and an opportunity to be heard if the State (or the sentencing judge) is opposed to a set-aside. *Id.* at 190–91.

In *Mekiana,* the supreme court also addressed the situation presented in Hanson's case: the situation where a defendant's probation has ended, but the sentencing court failed to take contemporaneous action one way or another on the question of whether to set aside the defendant's conviction. The supreme court held in *Mekiana* that the sentencing court should hold a belated set-aside hearing, and that the sentencing court must base its decision solely on the circumstances that existed when the defendant's term of probation expired. *Id.* at 193.

■ This is essentially what Judge Aarseth did in Hanson's case. Although Judge Aarseth held no evidentiary hearing, the basic facts of Hanson's case are not in dispute.

Hanson's probation period began to run in late 1999, and it expired in late 2002. During that time, the Department of Corrections did nothing to supervise Hanson, and Hanson made no effort to contact the Department, or to fulfill his reporting obligation, or to perform his community work service, or to submit to the required alcohol/drug assessment and potential outpatient treatment. As Hanson's attorney observes in his brief to this Court, the actions of both Hanson and the Department of Corrections during these three years can be appropriately described as "out of sight, out of mind".

Judge Aarseth concluded, based on these facts, that even though Hanson's probation had never been revoked, Hanson could not be deemed to have successfully completed his probation—because Hanson failed to comply with major provisions of his conditions of probation. Judge Aarseth found that Hanson's failure to comply with the conditions of his probation constituted good cause to deny Hanson's request for a set-aside of his convictions.

On appeal, Hanson claims that even though he was never supervised by the Department of Corrections, he nevertheless rehabilitated himself through his own efforts.

---

4. *See* AS 12.55.085(e).

Hanson relies on the fact that he apparently committed no new violations of law during his 3–year term of probation. He also asserts that he submitted to drug testing for approximately a year and a half while his appeal was pending (that is, before his term of probation commenced).

But these assertions, even if true, do not rebut the core facts supporting Judge Aarseth's decision: Hanson failed to report to the Department of Corrections on a monthly basis, he failed to perform his community work service, and he failed to submit to the required alcohol/drug assessment during his term of probation. These facts provide ample basis for Judge Aarseth's conclusion that Hanson did not successfully complete his probation—and that, accordingly, there was good cause to deny Hanson's request for the set-aside.

The decision of the superior court is AFFIRMED.